(19 Misc. Rep. 36.)

### AMERICAN BROOM & BRUSH CO. v. ADDICKES.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. SALE—REMEDIES OF SELLER.
   Where the buyer, in a contract of sale providing for cash on delivery, defaults in payment on delivery of part of the goods, the seller may refuse delivery of the balance, and bring an action for the price of those already delivered.

2. FOREIGN CORPORATIONS—CERTIFICATE OF RIGHT TO DO BUISNESS.
   A foreign corporation which ships goods into the state on an order taken in the state by its traveling salesman, subject to approval by the corporation, is not doing business within the state, within Laws 1892, c. 687, § 15, forbidding foreign corporations to do business within the state without a certificate, though an agent of such corporation has an office in the state.

3. SALE—ACTION FOR PRICE—PLEADING AND PROOF.
   A complaint for goods sold and delivered between certain dates does not admit proof of an item shown by the bill of particulars to be for a balance stated at the first of such dates for goods sold prior thereto.

Appeal from First district court.

Action by the American Broom & Brush Company against William Addickes, as sole surviving member of the firm of E. H. Addickes & Son. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. G. Havens, for appellant.

Guggenheimer, Untermeyer & Marshall, for respondent.

BISCHOFF, J. This action was brought for the agreed contract price of certain brooms sold and delivered by the plaintiff's assignor to the defendant's firm, and the defendant set up a counterclaim based upon the failure of delivery of the full amount of goods ordered, alleging the contract to have been entire. These issues had dependence upon the terms of the agreement for the sale and delivery of these goods, and were to be resolved agreeably to the proof as to which one of the parties was in default; but the evidence as to such terms, and so as to the sufficiency of the performance based upon them, was in direct conflict,—the defendant claiming that payment was to be made at the expiration of 60 days from delivery, and the plaintiff contending that the terms were for cash on delivery, failing compliance with which by the defendant, delivery of the full order was discontinued. The justice resolved this issue in favor of the plaintiff, as he was well authorized to do upon the proof; and this determination necessarily involved the failure of the counterclaim or counterclaims founded upon the nonperformance of the plaintiff's assignor, who, in turn, had the right to consider the contract determined by the defendant's default, and to bring an action for the price of the goods theretofore delivered. Soltau v. Vulcanite Co., 12 Misc. Rep. 131, 33 N. Y. Supp. 77. We think, also, that the appellant's objection to the maintenance of the action, founded upon the failure of the plaintiff's assignor, a foreign corporation, to have obtained a certificate as required by section 15 of the general corporation law (Laws 1892, c. 687), was not well taken under the state of proof disclosed by the record.

Plaintiff's assignor, the Goodman Manufacturing Company, was, it appears, a Virginia corporation, and the goods in question were shipped from its place of business in that state; but, while the contract under consideration was made subsequent to the year 1892, satisfactory evidence was given that it was not made within this state, but in the state of Virginia. It is shown that the orders for the goods were taken by traveling salesmen in the employ of the Goodman Company, but that these orders did not constitute the contract itself, which had existence only from the time of the confirmation of the orders by the corporation at its home office. Manufacturing Co. v. Connell, 88 Hun, 256, 34 N. Y. Supp. 717; Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492. True, the proof tends to show that the Goodman Company had an office in this state,—the office of one of its agents,—but, while this might be taken as supporting the fact that the corporation did business within the state, still the action is not founded upon a local contract, nor upon one which, in its performance, called for the doing of business within

the state; and the inhibition of the statute, as touching the maintenance of an action, goes to a case only where the corporation so doing business also sues upon a contract made within the state. Laws 1892, c. 687, § 15.  Therefore we are not called upon to determine whether or not the assignment of the claim to a domestic corporation obviated the effect of the statute, where the action, if sought to be maintained directly by the assignor, fell within it.

Upon other grounds, however, the judgment is infirm, and a new trial must be had.  The complaint proceeded upon the sale and delivery of goods to the defendant's firm between the dates of July 1 and September 7, 1894, of the value of $1,035.95, alleging a credit to the defendant of $800 for payments made, and demanding judgment for $235.95.  The plaintiff's bill of particulars comprised items of actual sale and delivery between these dates of goods valued at $786.50, and the total of $1,035.95 was reached by the further addition of an item of $249.45, the amount of a balance stated on July 1, 1894, in favor of the plaintiff's assignor, for goods sold prior to that date.  Assuming the amount of this stated balance to have been a proper item, the judgment, as rendered, for $250, was in excess of the demand, and in further excess of the proof, since the actual delivery testified to aggregated in value but $771.25, instead of $786.50, the amount specified in the bill of particulars.  If this were the only defect, a modification of the judgment might be resorted to for affirmance, but there was obvious error in the allowance of the item of $249.25, founded upon the account stated for goods sold prior to the date of the transactions set forth in the complaint; and, but for such allowance, the plaintiff could have obtained no judgment.  True, the statement of the account was proven, but only under objection to the materiality and relevancy of the evidence, with an exception taken to its admission; and no amendment of the complaint was at any time asked for, even if permissible at the trial, to cover this claim. The complaint comprised no such demand as this, which was in nature distinct from the cause of action alleged for goods sold and delivered after the date of the stated account; and the bill of particulars, in so far as it was thereby attempted to enlarge the cause of action, was without force, and did not support the admission of evidence as to matters beyond the scope of the pleadings when that evidence was challenged.  Abb. Tr. Brief Pl. § 745, and cases cited. The office of a bill of particulars is to furnish details of the cause of action, but the cause of action itself is defined only by the complaint, without regard to the bill of particulars, which, while it furnishes the basis for rulings upon the trial in restriction of proof, is not a pleading, nor part of the record, nor of the judgment roll.  Putney v. Tyng, 1 N. Y. St. Rep. 760; Orvis v. Dana, 6 Daly, 434. Neither could the matter be viewed as presenting an immaterial variance between the pleadings and the proof (Code Civ. Proc. § 2943, applicable to district courts by section 1347 of the Consolidation Act,—Laws 1882, c. 410), since the allowance of this claim upon the account stated worked something much greater than a variance; it involved the addition of a distinct cause of action to the issues presented by the pleadings, and this against the defendant's protest.

It is claimed that there was a failure of proof to charge this defendant as the sole surviving member of the partnership of E. H. Addickes & Son, but as to this we think that sufficient evidence was furnished by the defendant's testimony to support a finding that the contract was entered into by him individually, and therefore proof of the termination of the partnership by the death of his former associates was not essential to the judgment as rendered. In this aspect the description contained in the caption of the summons was merely surplusage, and could be disregarded. For the error noted above in the admission of evidence, however, a new trial is to be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.