BRUNER et al. v. KANSAS MOLINE PLOW CO.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1909.)

No. 2,810.

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—SALE OF GOODS BY SOLICITOR AND DELIVERY THEREOF IN STATE OR TERRITORY BY FOREIGN CORPORATION NOT "DOING BUSINESS" THEREIN.

The sale of goods in a state or territory by a foreign corporation by means of a solicitor, the delivery of the merchandise thereunder, and the collection of the price, do not constitute doing or carrying on business within such a state or territory within the true meaning of foreign corporation statutes prescribing the conditions of doing business in such states or territories.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640–7641.

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, Limited, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

(Syllabus by the Court.)

In Error to the Supreme Court of the State of Oklahoma.

For opinion below see 104 S. W. 816.

William I. Gilbert and Edward H. Bond, for plaintiffs in error.

Frank H. Heskett and Eugene E. Morris, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge. On March 18, 1903, the defendants below, who were partners in business at Waurika, in the territory of Oklahoma, made a written contract with the Kansas Moline Plow Company, a corporation of the state of Illinois, to purchase of it certain agricultural implements for the sum of $1,223.21. The plow company agreed by the written contract to deliver these goods by way of Rock Island, to the defendants, marked with their firm name, at the plaintiff's warehouse in Kansas City, in the state of Missouri. It delivered the property, but the defendants never paid for it. In an action for the price of the goods the trial court rendered a judgment for the plow company, that judgment was affirmed by the Court of Appeals of the Indian Territory, and the defendants sued out their writ of error to reverse the judgments.

The first specification of error is that the trial court unlawfully denied a motion to change the venue of the action. Section 3556 of the Annotated Statutes of the Indian Territory of 1899 provided that any party might obtain a change of venue, by a motion, upon a petition

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

verified by him and supported by the affidavits of two credible persons, stating that he verily believed that he could not obtain a fair and impartial trial in the division in which the action was pending on account of undue prejudice against him, or his cause, or defense, in that division. The contention of counsel for the defendants below is that the court violated this statute in the ruling of which complaint is here made. But this position is untenable, because no petition of the character prescribed by this statute was presented to that court. Nothing was filed but a verified motion, which contained no statement that the party who subscribed the oath beneath it verily believed that he could not obtain a fair and impartial trial in the division where the action was pending and the affidavits of two persons in support of this verified motion. The position of counsel is also untenable, because the testimony of the two supporting witnesses, which appears in the record, fails to convince that they were credible persons. It demonstrates that they were ignorant of the facts concerning which they testified, and that they knew nothing about the prejudice which in their affidavits they stated that they believed existed. The motion to change the venue was rightly denied.

The trial court declined to permit the defendants to testify what season the implements were bought for, and what time the salesman of the plaintiff said, when he obtained the contract, would be required for the goods to reach Kansas City and Waurika, and whether or not they were all received in the first shipment. These rulings are challenged for the purpose of establishing the defense that the goods were not delivered in time; but the admission of the proffered testimony would have been fatal error, because the written contract expressly provided that the plaintiff should deliver the goods, via Rock Island, at Kansas City, at once; that the prices, terms, and implements were for the season ending July, 1903; and that the written contract contained all the agreements and conditions, verbal or otherwise, that should be recognized by either party. In view of this written agreement, it was immaterial when the goods arrived at Waurika, or whether or not they were received in one or more shipments, or what the representations or statements of the parties were in the negotiations at the time of the agreements; for no fraud was pleaded, and those representations were merged in the written contract.

The defendants claimed that a portion of the goods, for the price of which this action was commenced, were sold in the Indian Territory, and a portion in the territory of Oklahoma. Act Cong. Feb. 18, 1901, c. 379, 31 Stat. 794, 795, provided that, before any foreign corporation should begin to carry on business in the Indian Territory, it should appoint an agent in that territory upon whom service of summons and other process against it might be made, and declared that if such a corporation failed so to do all its contracts with citizens and residents of that territory should be void. There was a similar, but less drastic, statute in the territory of Oklahoma (St. Okl. 1893, §§ 1167, 1169), and a failure of the plaintiff to comply with either. The defendants insist that the contract of sale upon which this action is based was illegal and void, because violative of these statutes, and that for this reason the court erred when it instructed the jury

to return a verdict upon it for the plaintiff. But there is no evidence in this record that the plaintiff ever did any other act in these territories than to make the sale and delivery of these goods and the attempt to collect their price, and the sale of goods in a state or territory by a foreign corporation, by means of a solicitor, the delivery of the merchandise therein, and the collection of the purchase price, do not constitute doing or carrying on business within such a state or territory within the meaning of statutes prescribing conditions under which foreign corporations may do business therein. Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 614, 141 Fed. 570; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Fritts v. Palmer, 132 U. S. 282, 287, 10 Sup. Ct. 93, 33 L. Ed. 317; Wagner v. J. & G. Meakin, Ltd., 33 C. C. A. 577, 589, 92 Fed. 76; Butler Bros. Shoe Co. v. United States Rubber Co., 84 C. C. A. 167, 184, 185, 186, 156 Fed. 1, 18, 19, 20; Dunlop v. Mercer, 86 C. C. A. 435, 446, 156 Fed. 545, 556; Toledo Commercial Co. v. Glen Mfg. Co., 55 Ohio St. 217, 45 N. E. 197; Wilcox Cordage & Supply Co. v. Mosher, 114 Mich. 64, 72 N. W. 117; Brush Company v. Addickes, 19 Misc. Rep. 36, 42 N. Y. Supp. 871.

It is assigned as error that the court refused to permit one of the defendants, who had testified that he had tried to use one of the plows which the plaintiff sold them and could not make it operate, to testify what it would have been worth if it had been as ordered. But before this ruling was made he had testified that he did not know what the difference in value was between the plow that the defendants ordered and the plow that they received. He subsequently testified that he did not know the value of the plow as ordered, and the contract in evidence disclosed its purchase price. The refusal to permit a witness to testify of a matter concerning which he has no knowledge is neither erroneous nor prejudicial.

Another specification of error is that the court instructed the jury to return a verdict for the plaintiff. One of the defendants testified that he, with the aid of competent assistants, thoroughly tried the plow which has been heretofore mentioned, that they could not make it operate, that he notified the plaintiff of this fact, that the plaintiff failed to send an agent to make the plow do good work, and failed to send the defendant instructions how to make it do so, and that the plow was worthless. This testimony, if true, establishes a breach of an express warranty of the plaintiff which appears in the written contract. That contract itself shows that the purchase price which the defendants agreed to pay for the plow was $47, and in the absence of other evidence the contract is prima facie proof that this was the value of the plow as ordered. A careful examination of all the evidence in the record has convinced that there is no substantial proof therein of any other defense to this action, and the result is that it was error for the court below to withdraw from the jury the evidence of the worthlessness of this plow, and in all other respects its instruction to the jury to return a verdict for the plaintiff was right.

The court permitted the plaintiff to introduce evidence on rebuttal to the effect that in May, 1905, some of the defendants had on hand, sold to third parties, and the latter paid them for, a few of the plows

and cultivators which the plaintiff had sold to the defendants. Conceding that this ruling was erroneous, it could not have prejudiced and did not prejudice the defendants, because in the absence of that evidence the record was such that the plaintiff was entitled to a peremptory instruction to the jury to return a verdict in its favor for $1,176.21 and interest. An error without prejudice is no ground for reversal.

The judgments below must be reversed, and the case must be remanded to the proper court, with instructions to grant a new trial, unless the plaintiff below within 30 days shall file in the office of the clerk of the court wherein the original judgment is recorded a remittitur of $47 and interest at the rate of 8 per cent. per annum from June 1, 1903, to the date of the judgment, in all $57.97, and shall also file with the clerk of this court within 10 days thereafter a certified copy of the record of such remittitur in the trial court. In case such remittitur and certified copy are so filed, the judgment below must be affirmed; and it is so ordered.