## NATIONAL INDEPENDENT FISHERIES CO. v. JUNEAU COLD STORAGE CO.

(First Division. Juneau. January 21, 1918.)

No. 1569–A.

**1. Sales ☜411—Pleadings—Damages.**

Complaint by a foreign corporation alleged that a contract was entered into between plaintiff and defendant, wherein the plaintiff agreed to buy of defendant, and the latter agreed to sell to plaintiff, at Seattle, Wash., a certain quantity of frozen fish; that the fish were not so delivered, and plaintiff "was not able to obtain said halibut, or any other halibut in lieu thereof," except at a much higher price, "and that plaintiff has thereby lost profits and has sustained damages to the amount of $9,500." On demurrer, *held*, the complaint stated a cause of action for nominal damages only.

**2. Pleading ☜217(2)—Demurrer.**

A demurrer to an affirmative defense in an answer runs back to the complaint and necessitates an examination thereof, to ascertain if a cause of action is therein stated.

**3. Corporations ☜642(6)—Doing Business.**

It is well settled that the doing of a single act or transaction of business in Alaska is not "doing business," within the provisions of the Alaska statute.

**4. Pleading ☜98—Contract.**

The allegations of the answer must meet the allegations of the complaint, and an answer which ignores the plaintiff's allegations of a contract, and sets up what defendant denominates an option given to it by the plaintiff, and then sets up certain allegations which, it contends, excuses it from rendering it possible for plaintiff to exercise that option, *held* bad on demurrer.

Plaintiff, a foreign corporation, sues defendant for damages for breach of contract alleged to have been "entered into in writing by and between plaintiff and defendant, where-

in the plaintiff agreed with the defendant to buy of it, and the defendant agreed to sell to the plaintiff, and to deliver to it at Seattle, Washington," a certain quantity of frozen halibut for a certain price f. o. b. ships tackle, Seattle—inspection to be made on arrival, and payment to be made in fifteen days after arrival at Seattle. No copy of the alleged contract is set forth in, or attached to, the complaint.

The complaint further alleged that no part of said fish were delivered, and that plaintiff "was unable to obtain said halibut or any other halibut in lieu thereof" at a less market price than 3 or 3½ cents per pound greater than the price agreed upon, and "that plaintiff has thereby lost profits and has sustained damages to the amount of $9,500." Wherefore judgment is asked for that sum, with interest.

Defendant answers substantially as follows:

(a) Denies the making of the contract, and the damages.

(b) Pleads affirmatively (1) that plaintiff is not authorized to do business in Alaska, and that its contract, if any such exists, is void for failure to comply with section 654, C. L. Alaska 1913.

(c) Pleads affirmatively (2) that defendant gave plaintiff an option to purchase certain halibut, provided "said defendant was able to catch and freeze" said halibut, and that defendant was not able to catch said halibut.

Gunnison & Robertson, of Juneau, for plaintiff.

H. L. Faulkner and John R. Winn, both of Juneau, for defendant.

JENNINGS, District Judge. Plaintiff demurs to the first and second affirmative defenses for that neither one states a defense. Such demurrer runs back to the complaint and necessitates an examination thereof, to ascertain if a cause of action is therein stated.

Examining first the complaint, it is very doubtful, to say the least, if anything but nominal damages can be recovered thereunder. In actions for the nondelivery of goods contracted to be sold and delivered, the measure of damages is the difference between the contract price and the market price at the time and place contracted for, for delivery. Prospective profits on a possible sale have nothing to do with the case. 35 Cyc. p. 636, c, and cases cited in note 32.

There is no direct averment as to what was the market price at the time and place mentioned in the contract. If the pleader intends to claim that 9½ and 8 cents, respectively, was the market price, he should allege specifically and directly that those figures were the market price. He should not leave that to inference, should not allege it by way of recital; for it is a material allegation, if he expects to recover anything more than merely nominal damages. "The rule recognized at common law and by our Code affirms that material facts necessary to constitute a cause of action must be directly averred, and cannot be left to depend upon or to be shown by mere recitals or inferences." McElwaine-Richards Co. v. Wall, 159 Ind. 567, 65 N. E. 753; Pomeroy's Code Remedies, p. 601, in note "Pleading by Way of Recital."

The allegation that plaintiff was unable to obtain fish at a less market price than 9½ cents per pound is a direct allegation of what plaintiff was unable to do; but it is only an inferential allegation that 9½ cents per pound was the market price. A denial of such allegation as is here made would simply amount to an assertion that plaintiff *was* able to buy fish for less than 9½ cents per pound, a matter entirely beside the issue.

But I think that what saves the complaint from being demurrable is the fact that at least a case for nominal damages is presented. A contract and breach are set out; the law implies some damage. I think this is enough to save the complaint, although it must be admitted that there are scattering authorities to the contrary.

As to the first affirmative defense, our statute is directed against "the doing of business by a foreign corporation" in Alaska. There is nothing in the complaint or in this affirmative defense to show that plaintiff is doing business in Alaska. Only a single act of business appears, to wit, the making of the contract sued on. It is well settled that the doing of a single act or transaction of business is not "doing business," within the purview of the statute. Ammons v. Brunswick-Balke Collender Co., 141. Fed. 570, 72 C. C. A. 614; Bruner v. Moline Plow Co., 168 Fed. 218, and cases cited on page 220, top, 93 C. C. A. 504.

The case of International Harvester Co. v. Commonwealth,

234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479 is relied upon by defendant, but in that case vastly more than a single transaction was shown. In the opinion the court takes pains to say: "This was a course of business, not a single transaction." What the court would have held, if it had been a single transaction only, is very apparent on reading the opinion in Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137.

The demurrer to the first affirmative defense must be sustained.

As to the second affirmative defense, the complaint is that a *contract* was entered into which has not been fulfilled. The basis of the action is alleged to be the breach of a *contract* in writing. The writing is not set forth, but it is pleaded according to its alleged legal effect. Plaintiff says defendant contracted to sell and deliver.

Defendant must meet the case set up by plaintiff. It is no defense to that case to set up some other state of facts and plead nonliability as to them, for that would be only to demolish a man of straw set up by one's self. And yet that is just what the second affirmative defense amounts to, for it ignores the plaintiff's allegation of a contract and sets up what defendant denominates an option given by it to plaintiff, and then makes certain allegations which, it contends, excuses it from rendering it possible for plaintiff to exercise that option. But defendant has not been sued on any option. There is nothing to show even that it has been sued on the writing set up in the affirmative defense. The complaint says defendant *contracted* to sell and deliver the fish; that is what defendant must meet. If defendant did not contract to sell and deliver fish substantially as set forth in the complaint, then plaintiff cannot recover. If defendant did contract to sell and deliver fish, it would not be a defense that defendant was "unable to catch and obtain fish from Alaska waters"; for it does not appear from the complaint that plaintiff is suing defendant upon any contract to catch fish in Alaska waters, or to catch fish at all. According to the complaint the contract was simply to sell and deliver f. o. b. ship's tackle at Seattle a certain quantity of fish for a certain sum. The second affirmative defense does not meet

that allegation, and therefore states no defense to the matters alleged in the complaint.

The demurrer to the second affirmative defense, also, must be sustained.

⊜⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes