DELORIA *v.* ATKINS.

1. CORPORATIONS—ANNUAL REPORTS—PERSONAL LIABILITY OF DI-
   RECTORS.
   The failure of a corporation organized under chapter 181, 2
   Comp. Laws, to file its annual report with the secretary of
   State, renders its directors personally liable for debts con-
   tracted during its default under Act No. 232, Pub. Acts 1903,
   as amended by Act No. 112, Pub. Acts 1905, which provide
   that all corporations previously formed shall be affected by
   and subject to their terms.

2. SAME—CONSTITUTIONAL LAW.
   The legislature is authorized by Article 15, § 1, Const. of 1850, to
   amend, alter, or repeal laws for the formation of corpora-
   tions, and the statutes named are within such authority.

3. STATUTORY CONSTRUCTION—PENAL PROVISIONS.
   Statutes of a penal nature are strictly construed.

4. SAME—RULES OF INTERPRETATION.
   The real sense of the legislature is to be found in the terms and
   arrangement of the statute, interpreted without straining or
   refinement, in the natural and ordinary sense of the terms
   employed.

Error to Delta; Stone, J. Submitted June 17, 1909.
(Docket No. 40.) Decided September 21, 1909.

Assumpsit by Fred Deloria and Joseph Gibbs, copart-
ners as Deloria & Gibbs, against Frank H. Atkins for
goods sold and delivered. A judgment for defendant on
a verdict directed by the court is reviewed by plaintiffs
on writ of error, Reversed, and judgment entered for
plaintiffs.

*Henry R. Dotsch* and *Cummiskey & Spencer*, for ap-
pellants.

*F. D. Mead*, for appellee.

McAlvay, J.   Plaintiffs assign error upon a directed verdict in favor of the defendant, and in the rulings and holdings of the court in so doing, in a case brought by them in assumpsit against the defendant.   The facts relied upon by plaintiffs are stipulated in writing as follows:

"That the Escanaba Transportation Company, of which Frank H. Atkins was a director in the year 1903 and 1904, was incorporated under and by virtue of the provisions of chapter 181 of the Compiled Laws of 1897, governing corporations for commerce or navigation, on or about the 12th day of March, 1903; that on the 19th day of May, 1904, it filed a report in the office of the secretary of State for the year 1903, and that no annual report has been filed by said company since the 19th day of May, 1904; that the Escanaba Transportation Company did not file with the secretary of State in the month of January or February, 1905, a report showing the condition of said corporation on the 31st day of December, 1904, as was required by section 12, Act No. 232, of the Public Acts for the State of Michigan for the year 1903, and as amended by Act No. 194 of the Public Acts for the State of Michigan for the year 1905, and that the said Frank H. Atkins, as director of said company, did not join in the making of said report."

It was also stipulated that for hay sold and delivered by plaintiffs and others who have duly assigned their accounts to them to the Escanaba Transportation Company during the last quarter of the year 1904 there was due and unpaid to the plaintiff a balance of $735.   Upon these stipulations and admissions plaintiffs claimed a case was made entitling them to a recovery.   Defendant offered no evidence.   Both parties asked for a directed verdict.

The action was brought under the statute which imposes liability upon directors for debts of certain corporations when such directors have neglected or refused to sign the required annual reports.   The court directed a verdict for defendant.

Plaintiffs claim that the court was in error in such holding, and have brought the case to this court for review upon writ of error.   The errors assigned all relate to

the construction of the statute and its amendments given by the court in rendering judgment in favor of defendant. The facts in the case are undisputed, and the question involved is the construction of certain sections of chapter 181, 2 Comp. Laws, as amended and affected by certain subsequent enactments of the legislature.

The corporation in question was organized under said chapter 181. Section 18 of this chapter required such corporation annually in the month of February to make a report containing certain required information, to be signed by a majority of the directors and duly verified, and filed with the county clerk and secretary of State. Section 20 provided:

"If the directors of any such corporation shall intentionally neglect or refuse to comply with any of the provisions of, and to perform the duties required of them by this act, they shall be jointly and severally liable in an action founded on this statute for all the debts of such corporation contracted during the period of such neglect or refusal."

In 1903 an act was passed entitled,

"An act to revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies or any union of the two, and for the incorporation of companies for carrying on any other lawful business, except such as are precluded from organization under this act by its express provisions, and to prescribe the powers and fix the duties and liabilities of such corporations." Act No. 232, Pub. Acts 1903, given immediate effect June 18, 1903.

Section 12 of this act provided for an annual report to be made by the corporation in duplicate in the months of January or February, to be made on blanks furnished by the secretary of State and filed with him within those months, and,—

"If any of the directors of any such corporation shall wilfully neglect or refuse to make and deposit the report required by this section, within the time herein specified, they shall each be liable for all the debts of such corpora-

tion contracted since the filing of the last annual or special report, and subject to a penalty of twenty-five dollars, and in addition thereto the sum of five dollars for each and every secular day after the first day of March in each year during the pendency of such neglect or refusal.
* * * "

Section 12 was amended by Act No. 194, Pub. Acts 1905, by requiring the annual report in January and suspending the corporate powers of any corporation neglecting or refusing to file such report if the default shall continue ten days after February 1st, and prohibiting the maintenance by such corporation of any action upon any contract entered into during such default,—

"And any director of any corporation so in default who has neglected or refused to join in the making of such report shall be liable for all debts of such corporation contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sustained by it by reason of such refusal or neglect."

This is the section now in force. Section 37 of this act provided that it should include and apply to all corporations provided for in chapter 181 and other chapters named,—

"And in addition shall repeal all other acts and parts of acts inconsistent with the provisions of this act."

It further provided that the repeal of the foregoing acts should not dissolve any corporation formed or existing under them, and that all such corporations of this class should—

" Be deemed and taken to be organizations under this act, and all rights, obligations, and liabilities contracted, acquired or incurred by any of said last mentioned corporations thereunder, or under the provisions of any law now in force, not inconsistent with the provisions of this act, shall continue of the same force and effect as though such acts or laws had not been repealed; and all such corporations, from and after the taking effect of this act, shall be subject to all the provisions hereof, as fully as though such

organizations had been perpetual thereunder, and such organizations may continue to carry on the business specified in their articles of association under the provisions of this act, as lawfully as if said acts mentioned in this section were not repealed."

Sections 12 and 37 of this act are the sections under which plaintiff claims a liability was imposed upon defendant. Act No. 112, Pub. Acts 1905, did not amend section 37 in any respect material to this case.

The proposition contended for by defendant is, not that the legislation under the Constitution might not have amended the law in respect to the liability of stockholders in this corporation, but that this is a penal provision of the statute, and it must be strictly construed, and liability under it cannot be enlarged by implication; that the revision of the laws providing for the incorporation of such institution has repealed all of chapter 181 which imposed a liability upon directors and officers for neglect of duty in the matter of making reports; and that liability of directors and officers imposed under the acts of 1903 and 1905 applies only to corporations organized under those acts. The learned trial judge took this view of the statute, citing in support of such construction *Park Bank* v. *Remsen,* 158 U. S. 337 (15 Sup. Ct. 891). That case was an action on two promissory notes made by a New York firm to the order of themselves and indorsed in blank. Afterwards these notes were indorsed by the German-American Warehousing & Security Company, a New York corporation. The notes were discounted by plaintiff. The warehouse company was incorporated by a special act, section 9 of which provided that:

"The corporation hereby created shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under and in pursuance of an act entitled, 'An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes, passed February 17, 1848, and the several acts extending and amending the same.'"

Section 12 of the act of 1848 required certain annual reports to be published within a certain time, for failure of which the trustees—

"Shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such report shall be made."

Plaintiff brought suit against the warehouse company as indorser and recovered judgment, which was reversed and a new trial ordered by the court of appeals of the State, on the ground that the warehouse company was an accommodation indorser and plaintiff was chargeable with notice of the character of the indorsement. 116 N. Y. 281 (22 N. E. 567, 5 L. R. A. 673). Plaintiff then sued Remsen, a trustee of the warehouse company, in the Federal court, upon his statutory liability under section 12 of the act of 1848. The court decided against the plaintiff, and the case was appealed to the Supreme Court of the United States. In affirming the case Mr. Justice Brewer, speaking for the court, relative to the statute relied upon by appellant, said:

"Section 12 of the act of 1848 is not in terms re-enacted in the charter of the warehouse company. It is, as we have seen, a statutory provision of a penal character, and, before any party can be held bound by its provisions, it must satisfactorily appear that the legislation of the State has rendered him subject thereto. The contention is that section 9 of the charter of the warehouse company in effect incorporates said section 12 into such charter, but the provision of section 9 is that the corporation shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under the act of 1848. It is the corporation which is given the powers and privileges and made subject to the liabilities. Does this carry with it an imposition of liability upon the trustee or other officer of the corporation? The officer is not the corporation. His liability is personal, and not that of the corporation, nor can it be counted among the powers and privileges of the corporation. How, then, can it be contended that a provision in a charter that the corporation thus chartered shall assume all the liabilities imposed by a general statute upon corpo-

rations carries with it a further provision of such general statute that the officers of corporations also assume, under certain conditions, the liabilities of the corporation? Does one by becoming an officer of a corporation assume all the liabilities resting upon the corporation? Is not his liability of a distinct and independent character and dependent upon other principles? * * * So far, then, as the decisions of the court of appeals go, they do not affirm that so much of the act of 1848 as imposes a special liability on trustees and directors was incorporated into the charter of the warehouse company by force of section 9 or otherwise; and, in the absence of any controlling decision, we are unwilling to hold that a provision of a general statute imposing a personal liability on trustees or other officers is incorporated into a special charter by a clause therein declaring that the corporation shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under such general act. Something more specific and direct is necessary to burden an officer of the corporation with a penalty for omission of duty."

The charter act incorporating the warehouse company contained no requirement for making reports, and no provision imposing liability of any kind upon its trustees. The entire act is furnished to the court in the supplemental brief of plaintiff. It is complete in itself, describing the corporate powers of the company, the duties of officers, liability of stockholders, etc. The section (9) which was construed contains the following words:

"The corporation hereby created shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under and in pursuance of an act entitled * * *."

The construction given to this statute by the United States Supreme Court is one based upon reason and authority. A comparison of the statute construed in that case with the one now under discussion will determine whether the cases are distinguishable.

In the case at bar the act of 1903 was a revision and consolidation of the laws then in force, providing for the incorporation of manufacturing and mercantile compan-

ies or any union of the two, and for the incorporation of companies for carrying on any other lawful business, as appears from its title.  It was intended by its terms to affect and apply to all corporations theretofore organized under the nine chapters of the Compiled Laws enumerated as well as those thereafter organized under it.  It repealed all inconsistent provisions contained in such chapters, and all other acts and parts of acts inconsistent with it.  It preserved the lives of all such existing corporations, and provided that—

" All such corporations from and after the taking effect of this act, shall be subject to all the provisions hereof, as fully as though such organization had been perpetual thereunder, and such organizations may continue to carry on the business specified in their articles of association under the provisions of this act as lawfully as if said acts mentioned in this section were not repealed."

This act took effect about 90 days after the Escanaba Transportation Company was organized.  An appreciation of the magnitude of interests affected by this revision and consolidation may be had from an examination of the kinds of corporations included in the nine chapters repealed.  They are all the stock breeding associations, commerce and navigation companies, land companies, warehouse companies, associations for constructing and leasing buildings, manufacturing companies, gas light companies, electric light companies, and printing, newspaper, and publishing associations.  The evident intent of the legislature in making this revision was to simplify these laws, and bring all these numerous corporations under one general statute.  The purpose was a commendable one, and the operation of the statute would be for the benefit and convenience of all connected therewith and the easier supervision by the secretary of State.  The provisions of the law were intended to apply to all corporations *subject* to it, which would include corporations organized under former acts as well as those organized under it.  Section 12 indicates this intent in terms, viz.:

"Every corporation *subject to this act* * * * shall annually in the month of January make duplicate reports," etc.

The legislative intent in enacting this law is clear, and a careful examination of its provisions discloses that such intent cannot be realized as to corporations organized under the chapters repealed, unless they are to be considered subject to all of its provisions.

The contention of defendant is that its requirements extended only to the body corporate and not to the officers, and that no liability was imposed upon such officers. Nearly all the statutes repealed contained provisions that the *corporations* should make reports annually, and imposed penalties upon officers for not performing their duties in that regard. A different obligation is imposed by this statute, sometimes less and sometimes more severe than under the repealed chapters. This is within the power of the legislature under section 1 of article 15 of the Constitution of 1850, which reads:

"Corporations may be formed under general laws, but shall not be created by special act except for municipal purposes. All laws passed pursuant to this section may be amended, altered or repealed. * * *"

The question, therefore, is not one of power, but of the execution of the power granted. The contention of defendant leaves this numerous body of corporations in this State without any requirement to make annual report of their financial condition. That any such intent could have actuated the legislature is beyond belief.

In *Wakefield* v. *Fargo*, 90 N. Y. 213, an act entitled, "An act to extend the operation and effect of the act passed February 17, 1848, entitled, 'An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes,'" was before the court for construction. The corporation in question had been organized under this act, which provided that such corporations "shall be subject to all the provisions, duties

and obligations" of the original act. It was held that a provision of the original act making stockholders "liable for all debts that may be due and owing to their laborers, servants and apprentices for services performed for such corporation," was made applicable to stockholders of corporations organized under the later act. This case may be distinguished from the case of *Park Bank* v. *Remsen,* *supra,* and this distinction was apparent and discussed in that case. The act was "to extend the operation and effect" of the act of 1848. Mr. Justice Brewer, referring to this, said:

"And so it may well be that the court of appeals considered the act of 1848 as passing bodily into the act of 1863, and that all the 'provisions' (in the language of section 2) of the former became part of the latter act."

That decision, made clearer by the Federal court in *Park Bank* v. *Remsen,* may be cited in support of plaintiff's contention in the case at bar. We find the statute in this case to be entirely different from the one construed in that case, and that it contains in terms provisions which the Federal court declared were essential to fix liability upon a party.

The case at bar is distinguishable from *Park Bank* v. *Remsen.* That case was decided upon the proposition that, before any party can be held bound by a statutory provision of a penal character, it must satisfactorily appear that the legislation has rendered him subject thereto. Applying this rule to the case at bar, we can say that it satisfactorily appears that the trustees of corporations of the character of the one under discussion were rendered subject to this legislation. The weight of authority favors what is called a strict construction of statutes of a penal character. This means no more than as above stated in the paragraph condensed from *Park Bank* v. *Remsen.* The real sense of the legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to

be taken in their natural and ordinary sense. *Bohn* v. *Brown*, 33 Mich. 260, 261.

Applying these rules in construing the statute of 1903, if we consider the purpose of the act as stated in the title, the requirements of section 12 relative to annual reports from "every corporation *subject* to this act," imposing a liability upon officers neglecting or refusing to comply therewith, the number and classes of corporations organized under former acts repealed by section 37 and brought subject to the act and all of its provisions by express terms and continued as though originally organized under it— we must conclude that the power admittedly granted by the Constitution to the legislature has been exercised by this legislation, and the defendant in this case has been rendered subject thereto. The court was in error in directing a verdict for defendant, and refusing to direct one for plaintiffs as requested. The facts being stipulated, no new trial is necessary.

The judgment of the circuit court is reversed, and a judgment will be entered in this court in favor of plaintiffs for the sum of $735 and interest thereon, with costs of both courts to be taxed.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.