DELORIA *v.* VAN WINKLE.

1. CORPORATIONS—LIABILITY OF DIRECTORS FOR FAILURE TO FILE
   REPORT—STATUTES.
   
   The contention that a corporate director is not shown to be
   liable for the debts of the company during the failure to file
   an annual report, as required by Act No. 194, Pub. Acts 1905,
   amending Act No. 232, Pub. Acts 1903, because, under the
   testimony, he might have joined in making a report, which
   the corporation failed to file, is not sustainable where the
   evidence tended to show that the secretary did not verify a
   report because the directors failed to prepare it.

2. EVIDENCE—DIRECTORS—PAROL PROOF—BEST EVIDENCE.
   
   Parol proof that defendant was a director of the corporation
   was admissible after the foundation was laid for its admission
   by a showing that the secretary was unable to find the cor-
   porate records.

3. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW — TRIAL.
   
   Where a case was tried on the theory that the corporation
   which failed to file its annual report was a Michigan corpora-
   tion and the declaration alleged that it was a corporation
   organized under the laws of Michigan, and where the de-
   fendant failed to make the point on the trial that there was
   a failure of proof in that respect, the point will not be con-
   sidered on error.

Error to Delta; Cooper, J., presiding. Submitted
June 20, 1910. (Docket No. 1.) Decided September 27,
1910.

Assumpsit by Fred Deloria and Joseph Gibbs, copart-
ners as Deloria & Gibbs, against Louis Van Winkle for
goods sold and delivered. A judgment for plaintiffs on
a verdict directed by the court is reviewed by defendant
on writ of error. Affirmed.

*A. H. Ryall,* for appellant.

*Henry R. Dotsch* and *Cummiskey & Spencer,* for ap-
pellees.

BIRD, C. J. The plaintiffs recovered a judgment against the defendant on account of hay sold by the plaintiffs to the Escanaba Transportation Company. The defendant was director and president of the company, and his liability arose under the statute for his neglect and failure to join in the making of the annual report of the company for the year 1905. After the plaintiffs rested their case, the court directed a verdict for the plaintiffs, and the defendant has removed the case to this court for review, claiming the evidence was insufficient upon which to base the judgment. To prove their case the plaintiffs introduced in evidence the certificate of the secretary of State that the Escanaba Transportation Company did not file a report of its affairs for the year 1905, and they produced the secretary of the Escanaba Transportation Company, who testified that he signed no report of the company for that year. The books were not available at the time of the trial, and parol proof was made that the defendant was a director of the company during the defaulting period. Defendant contends that this testimony did not make out a *prima facie* case of liability, because the defendant might have joined in the making of the report and the report never have been filed; that the duty of the filing of the report is not upon the defendant director, but upon the corporation; and that the statute is penal in its nature and must be strictly construed.

The statute involved is Act No. 232, § 12, of the Public Acts of 1903, as amended by Act No. 194 of the Public Acts of 1905. The material portion of this section reads as follows:

"If any corporation neglect or refuse to make and file the reports required by this section, within the time herein specified, and shall continue in default for ten days after the 1st day of February, its corporate powers shall be suspended thereafter until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default. And any director of such corporation so in default, who has neglected or refused to join in the making of

such report, shall be liable for all the debts of such corporation, contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sustained by it, by reason of such refusal or neglect."

By referring to section 12 of Act No. 232, it will be observed that it was there made the duty of the directors to file the report in question. The amendment of 1905 changed this, and placed that duty upon the corporation. If the only evidence offered of defendant's default had been the certificate of the secretary of State that no report for that year had been filed, there would be much force to defendant's contention, because the defendant might have joined in the making of the report, and the failure to file it might have been the fault or neglect of the corporation. The testimony of the secretary of the company, however, made it reasonably clear that it was not the default of the corporation's failure to file, but was due to the neglect and failure of the directors to join in the making. The law requires the report to be verified by the secretary of the company, but this he could not well do until after it was made, and the fact that he did not verify it, together with the further fact that none was filed, where the law requires it to be filed, we think raised a *prima facie* case as to defendant's default. *Hall* v. *Kellogg*, 16 Mich. 135.

Defendant also complains that there was no competent testimony offered that defendant was a director of the company. The court permitted this fact to be shown by parol evidence, and the foundation laid for its admission was undoubtedly sufficient.

It is also said by defendant that no proof was offered to show that the Escanaba Transportation Company was a corporation coming within this act, and that, if there were evidence of this fact, there was nothing to show whether it was a Michigan or Wisconsin corporation. We do not find any direct proof in the record that this was a Michigan corporation, subject to the provisions of Act No. 232, but the case was tried throughout by both

counsel on this theory, presumably because the status of defendant as a Michigan corporation subject to Act No. 232 was fixed by this court in *Deloria* v. *Atkins,* 158 Mich. 232 (122 N. W. 559). The declaration alleged that the company was organized under the laws of Michigan, and further alleged that it was the duty of defendant, as director and president of the company, under section 12 of Act No. 232 of the Public Acts of 1903, as amended, to join in making a report of its affairs for the year 1905. Defendant's counsel, upon cross-examination of plaintiff's witness, developed the number and names of the stockholders, and the number of shares each owned, and the number and names of the directors. At the close of the case, defendant's counsel stated to the court, in his application for a directed verdict, "that he principally relied upon the fact that there was no evidence of the statutory negligence of the directors." After trying the case upon the theory that it was a Michigan corporation, subject to the provisions of Act No. 232, and developing upon cross-examination who the stockholders and the directors were, and making no point in the trial court of plaintiffs' failure in this regard, we think the defendant is in no position to raise this question on appeal. *Hamilton* v. *Ames,* 74 Mich. 298 (41 N. W. 930).

The judgment of the trial court is affirmed.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.