WEBER v. DRAPER.

CORPORATIONS — INDIVIDUAL LIABILITY OF DIRECTORS — FILING
REPORT—NEGLECT TO MAKE ANNUAL REPORT—STATUTES—DEBT
CONTRACTED—WORDS AND PHRASES.

> Although a judgment may be a debt, it is not a "debt con-
> tracted" within the meaning of the statute providing a per-
> sonal liability of the directors of a corporation which neglects
> to file its annual report with the secretary of State (Act No.
> 137, Pub. Acts 1907), as to debts contracted during such
> default, and directors of a corporation in default under
> said statute are not liable for breach of a contract upon
> which liability was incurred before any default took place,
> judgment for an unliquidated liability being subsequently
> rendered during a period of default.

Case-made from Jackson; Parkinson, J. Submitted
April 15, 1912. (Docket No. 103.) Decided May 31,
1912.

Assumpsit by Andrew W. Weber against Fred R.
Draper and others, as directors of the B. R. Parrott Com-
pany, a corporation, for a debt of the corporation under
Act No. 137, Pub. Acts 1907. A judgment for defend-
ants is reviewed by plaintiff on case-made. Affirmed.

*Grove H. Wolcott*, for appellant.

*Albert O. Reece*, for appellees.

STONE, J. This is a suit to obtain a judgment against
the individual directors of the B. R. Parrott Company, a
corporation, upon a judgment rendered against said cor-
poration upon a contract between the plaintiff and said
corporation entered into on September 27, 1909. Upon
the date stated the plaintiff entered into a written contract
with said corporation for the construction of a hot water
heating plant. Work was commenced on the contract on or

about November 15, 1909, and the job was completed and the final payment of the contract price was made on May 23, 1910. Plaintiff made trial of the heating plant at the beginning of cold weather in the autumn of 1910, and, claiming that it was not constructed in accordance with the specifications and guaranty of the B. R. Parrott Company, made certain changes and additions at a cost of about $175, which work was finished on or about February 7, 1911. Plaintiff commenced suit in the circuit court against said company on March 31, 1911, claiming damages on account of breach of the aforesaid contract.

After personal service on, and upon default of, said defendant company, the plaintiff was awarded a judgment as damages for breach of said contract on April 26, 1911, in the sum of $175.33 and costs taxed at $23.30. An execution was duly issued which was returned unsatisfied on June 3, 1911.

Plaintiff, on June 7, 1911, commenced the present suit against the directors of the B. R. Parrott Company upon their statutory liability for debts contracted by the corporation, as he claimed, while defendants were in default as to the making and filing of the annual report of the corporation for the year 1910. Upon the issue joined, the case came on for trial, and the plaintiff, after showing the due incorporation of said company on June 3, 1909, introduced in evidence the judgment rendered against the B. R. Parrott Company for damages and costs aforesaid, and the due issue and return unsatisfied of the execution aforesaid. Plaintiff also introduced in evidence the certificate of the secretary of State showing that the corporation, the B. R. Parrott Company, had not filed, in the office of said secretary for the year 1910, its annual report required by statute; also a letter from the treasurer of said company bearing date February 28, 1911, to the secretary of State, asking for another report blank, and stating that the annual report of the company had been made out on blanks furnished by said secretary, but that in some unaccountable manner it had been mislaid, and that the

writer had been unable to locate it, with a memorandum indorsed, "Blank sent March 1, 1911. No answer." And thereupon plaintiff rested his case.

Counsel for defendants then moved the court to direct a verdict for the defendants for the reason that the judgment rendered April 26, 1911, aforesaid, was not a debt contracted by the B. R. Parrott Company during any default of the said corporation or its directors in the making or filing of the annual report of said corporation for the year 1910, within the meaning of the statute requiring the making and filing of such report, and also for the further reason that there was no evidence showing that defendants had neglected or refused to join in the making of the annual report of such corporation for the year 1910. The court thereupon directed a verdict for the defendants upon the ground first above stated, and a judgment for the defendants was entered.

The plaintiff has brought the case here upon a case-made after judgment, and by proper assignments of error he claims that the trial court erred in charging that the judgment of the plaintiff against the B. R. Parrott Company recovered on April 26, 1911, was not a debt contracted by said corporation at a time when it and a majority of its directors were in default in making and filing the annual report required by statute, and that the court erred in instructing the jury that the case was not such as, under the statute, made the defendants, as directors of said corporation, personally liable to the plaintiff, and that the court erred in directing a verdict in favor of defendants.

It is the claim of the plaintiff that there was no debt contracted by the company until the rendition of the judgment of April 26, 1911, because up to that time no one could ascertain or determine the loss the plaintiff had suffered by reason of the failure of the corporation to construct the heating plant according to the terms of the contract. We think that the question fairly presented is: Was the judgment for unliquidated damages rendered on

April 26, 1911, a "debt contracted" by the corporation within the meaning of the statute?

The clause of the statute involved is a part of section 12 of Act No. 137, Pub. Acts 1907, and reads as follows:

"If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default; and any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sustained by it by reason of such refusal or neglect."

It must be conceded that after March 10, 1911, the default referred to in the statute had occurred, but the vital question is, Was this judgment a "debt contracted?" All will agree that a judgment is a debt, but it does not follow that it is a "debt contracted" within the meaning of this statute. Counsel for plaintiff cites in support of his position the following cases: *Van Etten* v. *Eaton,* 19 Mich. 187; *Lockhart* v. *Van Alstyne,* 31 Mich. 76 (18 Am. Rep. 156); *Bohn* v. *Brown,* 33 Mich. 257.

The case of *Van Etten* v. *Eaton, supra,* does not aid us, for the reason that it does not appear, and the question was not raised or passed upon, whether the cause of action was a "debt contracted" during the time of the default or not; no issue being presented upon that question.

In *Lockhart* v. *Van Alstyne, supra,* the principal point involved was a guarantee of dividends upon stock, which guarantee was sought to be enforced regardless of whether there were any legitimate profits out of which to pay dividends. We are unable to see how the doctrine there stated aids the plaintiff. Justice COOLEY said:

"The statute which the plaintiff relies upon is section 1821 of Comp. Laws of 1857, which, on the neglect or re-

fusal of the directors of manufacturing companies to comply with certain provisions of law regarding the filing of their articles of association, and of annual reports showing their financial condition, declares that such directors 'shall be jointly and severally liable in an action founded on this statute, for all the debts of such corporation contracted during the period of such neglect or refusal.' This statute, it will be perceived, only makes the directors personally liable for 'debts.' Liabilities of a company which may give causes of action against it and result in judgments are not within the statute unless they constitute present debts. A debt is that which one person is bound to pay to another, either presently or at some future period; something which may be the subject of a suit as a debt, and not something to which the party may be entitled as damages in consequence of a failure to perform a duty or keep an engagement. A right to a dividend from the profits of a corporation is no debt until the dividend is declared."

In *Bohn* v. *Brown, supra*, the plaintiff sought to recover of individual stockholders the amount of a judgment recovered against a corporation for personal injuries received on a street railway. Justice GRAVES, speaking of the liability of a stockholder of unpaid stock, said:

"In observing upon this point we cannot help seeing that the legislature evidently designed to limit the liability of stockholders to a portion only of the kinds of liabilities the company would be subject to incur; that, necessarily contemplating there would be claims arising out of contract, and also out of wrongful and tortious acts, and deciding to provide that for some of these liabilities the stockholders should be individually responsible, but not for all, the legislature proceeded to word the provisions as we find them. Instead of enacting in general terms that stockholders should be individually responsible for all valid claims against the corporation to one extent or another, the legislature cautiously and guardedly specified charges for labor and claims for debts contracted."

We are unable to see wherein these authorities aid the position of the plaintiff. In fact we are unable to find any authorities that support the claim that the judgment obtained against the corporation, while the corporation

was in default in not filing its report was a "debt of such corporation contracted since the filing of the last report."

At page 859 of 10 Cyc. is the following:

"A judgment is certainly a 'debt' within the meaning of such a statute (referring to the statutory liability of directors generally) since under all definitions it is a debt of record; and this is equally so where it is founded upon a demand for a tort, and a judgment for costs is plainly a 'debt' within this rule, although founded on an unsuccessful action by the corporation for a tort; but this is not so where the statute uses the words 'debt contracted'"— citing *Armstrong* v. *Cowles*, 44 Conn. 44.

Turning to this case we find that a statute of Connecticut provided:

"If the president, directors or secretary of any such corporation shall intentionally neglect or refuse to comply with the provisions of this act, and to perform the duties therein required of them respectively, such of them as so neglect or refuse shall be jointly and severally liable, in an action founded on this statute, for all debts of such corporation contracted during the period of any such neglect or refusal."

That court said:

"The first question is, whether the plaintiff's judgment in the *scire facias* can be regarded as a 'debt contracted' within the meaning of the above statute.

"We think not. There cannot be a 'debt contracted' without two or more contracting parties, one of whom in this case must be the corporation. The phrase therefore necessarily implies some act on the part of the corporation with some party dealing with it, whereby an obligation is incurred, the company receiving and the other party giving credit on the faith of their solvency and proper organization as a corporation; and if the directors intentionally withhold a knowledge of the condition of the corporation, persons dealing with them and giving them credit may have protection by resorting to the personal responsibility of the directors for the debts so contracted."

See, also, 8 Am. & Eng. Enc. Law (2d Ed.), p. 991, and cases cited.

The statute relates to corporations of a certain class and prescribes the powers and fixes the duties and liabilities of such corporations, and it seems to have been the purpose of the legislature to provide that, during the time a corporation should neglect or fail to file its annual report, its corporate powers should be suspended, and it should cease to do business during the time of such default; and the provision relating to holding the individual directors personally liable is in the nature of a penalty for their neglect or refusal to join in the making and filing of such report. The liability of the corporation for failure to perform the contract in question was incurred at a time when it was not in default respecting its annual report. The fact that the judgment for damages for the breach of the contract was rendered when the corporation was in default does not make such judgment a "debt contracted since the filing of the last report" within the meaning of the statute.

It is also contended by the defendants that, under the showing made by the plaintiff, it appeared that defendants had not neglected or refused to join in the making of the annual report of such corporation for the year 1910, and that the trial court would have been justified in directing a verdict for the defendants upon the authority of the case of *Ford River Lumber Co.* v. *Perron*, 148 Mich. 399 (111 N. W. 1074). We do not find it necessary to pass upon that question.

We are of the opinion that the trial court properly disposed of the case, and the judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.