WESTCHESTER APPLIANCE CO. *v.* ENGLEHARDT.

CORPORATIONS—ANNUAL REPORT—DIRECTORS.

> Directors of a corporation which filed no report in the year subsequent to its organization were not liable for debts contracted during the first year of its existence, the corporation not being in default and the liability of directors under Act No. 137, Pub. Acts 1907 (4 How. Stat. [2d Ed.] § 9543), being dependent upon a default in the filing of the annual report.

Error to Bay; Collins, J. Submitted April 9, 1914. (Docket No. 11.) Decided June 1, 1914. Rehearing denied July 25, 1914.

Assumpsit by the Westchester Appliance Company against John Englehardt to enforce the liability of directors of a corporation as provided by Act No. 137, Pub. Acts 1907 (4 How. Stat. [2d Ed.] § 9543). Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Stoddard & McMillan,* for appellant.

*E. E. Anneke,* for appellee.

OSTRANDER, J. It is the statute duty of every corporation doing business in this State to make and in January or February of each year to file a report showing the condition of the corporation on the preceding 31st day of December. For neglect or refusal to perform this duty, and after a default therein of 10 days, corporate powers are suspended, it can maintain no action in court upon any contract entered into during the period of default, and any director who has neglected or refused to join in making such report is made liable—

"For all the debts of such corporation contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sustained by it by reason of such refusal or neglect." Act No. 137, Pub. Acts 1907.[1]

Defendant was director of a corporation organized in February, 1910, which bought goods of plaintiff during the period from February to September, 1910. For the value of the goods judgment was rendered in favor of plaintiff and against the said buying corporation January 9, 1913, and is unpaid. This action is begun to recover the debt, defendant's liability being predicated upon the statute above referred to; it appearing that the debtor corporation, which continued to do business until the summer of 1911, and which was formally dissolved in 1912, made no reports. The court directed a verdict for defendant, upon which there was judgment.

I am of opinion that the judgment should be affirmed. It is plain, I think, that the liability of directors is by the statute made to depend upon a default in filing the report. *Weber* v. *Draper*, 170 Mich. 550, 556 (136 N. W. 596). The debt in question was not contracted during a period of default.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

---

[1] 4 How. Stat. (2d Ed.) § 9543.