|       |     |
|-------|-----|
| 102   | 547 |
| 112   | 412 |
| 102   | 547 |
| 114   | 66  |

GOTTLIEB GENNERT v. ALBERT IVES, JR.

*Corporations—Failure to file annual report—Liability of director for corporate debts.*

1. 3 How. Stat. § 4161b1, which provides that manufacturing companies shall file an annual report with the Secretary of State, and that, if any of the directors shall willfully neglect or refuse to make such report, they shall each be liable for all of the corporate debts, and subject to a prescribed penalty, only applies to such of the directors as willfully neglect or refuse to make the report.

2. A presumption arises that the failure to file the report was intentional, and therefore willful.

3. Where, in a suit brought under the statute to charge a director with a debt of the corporation, the defendant testifies that, as far as he is concerned, there was no purpose in keeping the report back; that he left the management of the business to the president of the corporation; that he was not aware of

the requirement that such a report be filed; and that during the period when the report was due he had not in mind that he was a director of the corporation,—such testimony, if not disputed, is sufficient to overcome the presumption arising from the failure to file the report, and the court is justified in withdrawing the question from the jury.

Error to Wayne. (Carpenter, J.) Submitted on briefs October 4, 1894. Decided December 7, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles K. Latham* and *Horace H. Rackham,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendant.

MONTGOMERY, J. This action was instituted to charge defendant with a debt of the Harris Photographic Supply Company, a corporation in which he was one of the directors. It is based upon section 12 of Act No. 232, Laws of 1885, being section 4161*b*1, 3 How. Stat. This section, after providing that annual reports shall be filed by the directors of corporations, proceeds:

"If any of said directors of any such corporation shall willfully neglect or refuse to make the report required by this section, they shall each be liable for all the debts of such corporation, and subject to a penalty of $25," etc.

Two questions are discussed in the briefs of counsel in this Court:

1. Whether the statute is to be so construed as to render all of the directors liable in case of the willful neglect of one or of a majority of the directors.

2. Whether, in the absence of proof, the failure to file a report is to be presumed willful, and, if such a presumption obtains, whether it was conclusively overcome by the testimony in this case.

Statutes imposing liability of the character here sought to be established have been uniformly held to be penal in

their nature, and to require strict construction. Thomp. Liab. Off. 447; *Arms Co. v. Barlow,* 63 N. Y. 62; *Breitung v. Lindauer,* 37 Mich. 217. And it is held that the penalty will only be imposed in cases where the plain language of the provision requires it. *Whitaker v. Masterton,* 106 N. Y. 277.

We think there is little difficulty in construing this statute. The meaning of the statute is that such of the directors as willfully neglect or refuse to make the report shall be liable. The same persons, precisely, as are made liable for the indebtedness, are made subject to a further penalty. It cannot be assumed that the Legislature intended to impose the penalty upon one director for the willful neglect of his fellow director, unless the language employed imperatively calls for this construction, and such, we think, is not the case here.

We are cited to the case of *Van Etten v. Eaton,* 19 Mich. 187, as sustaining the plaintiff's contention that all of the directors are liable in case of the intentional neglect of less than all. But the statute there under consideration was essentially different from the one here being considered. That statute, being section 23 of the act of February 5, 1853 (Comp. Laws 1857, p. 580), reads:

" If the directors of any such company shall intentionally neglect or refuse to comply with the provisions and to perform the duties required of them by sections 3, 5, 18, and 19 of this act, they shall be jointly and severally liable, in an action founded on this statute, for all the debts of such corporation contracted during the period of such neglect or refusal; and such of them as were present and acting as such directors at any time during such neglect or refusal shall be guilty of a misdemeanor, and may, on conviction thereof, be fined a sum not exceeding $5,000," etc.

It will be noticed that this statute dealt with the directors collectively, and treated of the neglect as the neglect of the board of directors, the condition being, "if

the directors of any such company shall intentionally neglect," etc., whereas the present law provides the remedy " if any of said directors shall willfully neglect," etc., and provides that " they" shall be liable, etc., referring very plainly back to the word " any." It is also to be noted that the law of 1853, in providing for a penalty, limited the action to those who were present and acting as such directors during the time of such neglect, thus raising an implication that, so far as liability for indebtedness was concerned, the actual presence of the director was not necessary. Under the present law, as above stated, the penalty for willful neglect is imposed upon the same persons as those made liable for the indebtedness, and we hold those persons to be those who compose any of the directors who willfully fail to make a report. The circuit judge was of this opinion, and in so construing the statute was right.

We think, on the authority of *Van Etten v. Eaton*, it should be held that a presumption arises that the failure to file the report required by statute was intentional, and therefore willful. It was said in that case:

" If the plaintiff should be required in the first instance to prove by direct evidence the actual intent in the minds of the delinquent directors, and should be precluded from making proof by inference from the fact of omission to perform the act required by the statute, the object of the law would be seriously obstructed, if not, in many cases, altogether defeated."

This language was used with reference to the contention made by the plaintiff in error in that case—

" That it was necessary that the plaintiff show that the neglect imputed to the directors was intentional, and that, whatever inference as to intention might properly be drawn from the bare omission to report, the jury were not bound to consider it as sufficient evidence of an intention to neglect the duty, although no explanation of the cause or reason of the failure was submitted."

In the present case, however, the defendant accepted the burden of overcoming the presumption, and his testimony stands undisputed. The defendant testified that, so far as he was concerned, there was no purpose in keeping the report back; that he left the management of the business to the president of the corporation; that he was not aware of the requirement that such a report be filed; and that during the period when this report was due he had not in mind the fact that he was a director of the corporation. As this testimony was not disputed, and as it was sufficient to overcome the presumption, the court was right in withdrawing the consideration of the question from the jury. See *Hill v. Chambers*, 30 Mich. 422; *Hurley v. Watson*, 68 Id. 531.

The judgment will be affirmed, with costs.

The other Justices concurred.