BANK OF SAGINAW v. PIERSON.

1. CORPORATIONS — FAILURE TO FILE ANNUAL REPORTS — LIABILITY OF DIRECTORS.

Under section 12 of Act No. 232, Pub. Acts 1885 (3 How. Stat. § 4161b1), providing that the directors of corporations organized under said act shall, in case of their willful neglect to file an annual report, be individually liable for "all the debts" of the corporation, and subject to a prescribed penalty for each day during the pendency of the default, the directors are liable for corporate debts incurred after a default in filing a report, and before a second default.

2. SAME—STATUTES—AMENDMENT—REPEAL.

The liability of the directors for failure to make the reports required by said act was not repealed by the amendatory act of 1895 (Act No. 164), extending the period within which reports might be made, and providing that the public penalty should be for the use of the State, instead of the county, as under the former law.

Error to Bay; Kelley, J., presiding. Submitted January 14, 1897. Decided April 27, 1897.

*Assumpsit* by the Bank of Saginaw against Frank D. Pierson, as director of the Williams Milling Company, upon a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*J. L. Stoddard*, for appellant.

*T. F. Shepard*, for appellee.

MONTGOMERY, J.  The plaintiff in this action seeks to recover from the defendant, a director of the Williams Milling Company, the amount due upon a promissory note given by said company on July 20, 1895, payable on the 30th day of October thereafter to the order of Alfred Mosher & Son, which note was indorsed to the plaintiff, and discounted in the usual course of business.

The evidence of the plaintiff tended to show that the Williams Milling Company was organized on May 12, 1892, under Act No. 232 of the Public Acts of 1885; that the defendant had been director and secretary of the company from the date of its organization to the date of trial; that no annual report was filed, either in the office of the secretary of state or the county clerk, as required by section 12 of the act above referred to, until November 8, 1895. Upon this evidence the plaintiff contended below that the defendant was liable for the amount of the note, under the provisions of section 12 of the act above referred to, which, prior to the amendment of 1895, hereinafter referred to, required that an annual report should be made in the month of January by each corporation organized under the act in question, stating the amount of capital stock, the amount actually paid in, the amount invested in real estate and personal property, the amount of debts of the corporation, the amount of credits, and the name of each stockholder and the number of shares held by him, which report was required to be signed by a majority of the directors, and verified by the oath of the secretary of the corporation, and filed in the office of the secretary of state. A duplicate was required to be filed in the office of the clerk of the county where the business of the corporation should be carried on; and the statute further provided that—

"If any of said directors of any such corporation shall willfully neglect or refuse to make the report required by this section, they shall each be liable for all the debts of such corporation, and subject to a penalty of twenty-five dollars, and, in addition thereto, the sum of five dollars for each and every secular day after the first day of March in each year during the pendency of such neglect or

refusal, which penalty shall be for the use and benefit of the general fund of the county in which such corporation is required to file its report."

It has been held by us that proof of the failure to file the report required by this section raises a presumption that the neglect was intentional, and therefore willful. *Gennert* v. *Ives*, 102 Mich. 547. See, also, *Van Etten* v. *Eaton*, 19 Mich. 187. This view was not controverted in the court below; but the defendant contended, first, that he was not liable for the default in filing a report covering the fiscal year of 1894, for the reason that the indebtedness was not incurred during that period, and that the statute was not intended to create a liability as to indebtedness incurred after the date of the default, and before a second default in failing to file the report for the ensuing or succeeding year. It was further contended that the statute of 1895, to which reference will be made, operates as a repeal of the law of 1885, and that, as the statute is penal in its nature, this repeal cuts off the right of plaintiff to enforce its provisions.

1. The circuit judge was of the opinion that the plaintiff could not recover, for the reason that it was not a creditor of the corporation during the fiscal year of 1894; that is, during the period covered by the default or negligence in making and depositing the report. This precise question has never been passed upon by this court, nor have we been cited to any case in which it was presented. The statutes in the different States differ materially in their provisions fixing the liability of directors for defaults in making reports. The New York statute creates a liability for "all debts of the company then existing, and for all that shall be contracted before such report shall be made." The Colorado statute creates a liability for "all debts that shall be contracted during the year next preceding the time when such report should have been made and filed, and until such report shall be made." The Wisconsin statute, on the other hand, limits the liability to one "for all debts of such corporation contracted

during the period of any such neglect and refusal." In this State, a former statute (section 1821, Comp. Laws 1857) declared that directors should be liable in an action founded on the statute "for all the debts of such corporation contracted during the period of such neglect or refusal."

It will be seen that the statute in question differs from any of those referred to, and for this reason none of the cases which we have examined from any of these States throw much light upon the question here involved. The reasoning of defendant, as we interpret it, is that this statute is penal in its nature, and should be strictly construed, and that the language should be construed to refer to existing debts, and not to future debts incurred by the corporation. It is undoubtedly the established rule that these statutes are regarded as penal in their nature, and therefore to be strictly construed, although these holdings have not escaped criticism. 3 Thomp. Corp. § 4164. But no such strictness is required as to exclude from the operation of the statute conditions clearly within the evil aimed at by the legislature. The entire statute should be construed together. The language is that the director shall be liable for *all* debts of the corporation. The provisions relating to the report are such as to indicate a purpose of affording information to those who are expected to enter into contract relations with the corporation, and we agree with the view of the learned counsel for the plaintiff that it is more in accord with good reason to hold the directors liable for debts contracted after the default than for those contracted before the default occurs, for, as to prior contracted debts, the injury to the creditor is not as apparent. A case in its reasoning quite analogous to the present is *Felker* v. *Standard Yarn Co.*, 148 Mass. 226, where the converse of the proposition contended for by the defendant was urged. The court say:

"The ground of defense principally relied on is that the statute does not make the officers liable for debts

incurred before the filing of the false certificate. And no doubt one important reason—perhaps the principal reason—for the statutory provision is to enable persons who may have occasion to deal with corporations to ascertain their condition, and their title to credit; so that a person whose debt already exists at the time of the filing of the certificate certainly has not, by any false statement contained therein, been misled into giving credit to the corporation, and may not in any way be injured thereby."

The statute in that State provided that the officers who knowingly make the false certificate "shall be jointly and severally liable for its debts and contracts." It will be seen that, if the reasoning of the court be adopted, it rules this case; and we think that reasoning entirely sound.

2. The statute of 1895 (Act No. 164, Pub. Acts 1895) amended section 12 of the law of 1885 by providing that the corporation should make duplicate reports to the secretary of state, and omitting the requirement of a report to the county clerk. The secretary of state was required, however, to forward one of these duplicates to the county clerk. These duplicate reports were required to be deposited in the month of January or in the month of February each year, instead of being required to be filed during the month of January, as under the former law. The language, as it relates to the liability of the directors for neglect to make and deposit the report required, is unchanged. The amount of penalty remains the same, except that the public penalty is for the use and benefit of the general fund of the State, instead of the county, as under the former law. We do not think these provisions amount to a repeal of the former law, so as to cut off the right of action. The case of *Breitung* v. *Lindauer*, 37 Mich. 217, cited in support of defendant's contention, is one where the amendment consisted in striking out the personal liability clause, and changing the fine and imprisonment, and adding the per diem penalty during the period of neglect. The court held that, as the statute was essentially penal, the amendment, which, in terms, repealed the clause creating a personal liability, abrogated

such liability. Such is not the case here. The rule is stated in Suth. Stat. Const. § 133:

"The amendment operates to repeal all of the section amended not embraced in the amended form. The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts, or the changed portions, are not to be taken to have been the law at any time prior to the passage of the amended act. The change takes effect prospectively, according to the general rule."

See, also, *Moore* v. *Mausert*, 49 N. Y. 332; End. Interp. Stat. §§ 195, 240, and at section 483, where it is said: "Even in the case of statutes falling, strictly or in a general sense, under the head of penal laws, the intention of the legislature has been permitted to prevail over the rigid application of the rule." It is beyond belief that the legislature intended, by simply changing the period within which the reports were to be made, to repeal the provision imposing the liability upon the directors for failure to comply with the prior law. The provision creating the liability was not repealed, and we think that no repeal by implication arises. See, also, *Knoup* v. *Piqua Bank*, 1 Ohio St. 603; *Nash* v. *Bank of Buffalo*, 37 Hun, 57.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.