M. I. WILCOX CORDAGE & SUPPLY CO. v. MOSHER.

1. CORPORATIONS — FAILURE TO FILE ANNUAL REPORT — LIABILITY OF DIRECTORS.

The individual liability of directors of corporations for corporate debts, based upon their failure to make the annual report required by section 12 of Act No. 232, Pub. Acts 1885 (3 How. Stat. § 4161b1), extends to corporate debts contracted pending the default. *Bank of Saginaw* v. *Pierson*, 112 Mich. 410, followed.

2. SAME—FRANCHISE FEE—STATUTES—RIGHT OF ACTION.

Nonpayment of the franchise fee attempted to be imposed by Act No. 79, Pub. Acts 1893, upon all foreign corporations doing business within the State, does not affect the right of a foreign corporation, which had sold goods by itinerant salesmen to a resident corporation, to enforce the statutory liability of the directors of the latter for their willful neglect to file an annual report.

3. SAME—CHARACTER OF CLAIM.

The creditor is not required to reduce his claim to judgment before proceeding under the statute against the directors who are guilty of such neglect.

4. SAME—INTENTIONAL NEGLECT—PRESUMPTION.

Failure to file the reports as required by the statute will be presumed to have been intentional and willful.

5. SAME—JOINT ACTION.

A suit against all of the directors jointly can be maintained, where no evidence is offered to rebut the presumption that all are liable.

Error to Bay; Kelley, J., presiding. Submitted June 17, 1897. Decided July 16, 1897.

Case by the M. I. Wilcox Cordage & Supply Company against George L. Mosher and others, directors of Mosher, Bissell & Mather, a corporation, based upon the statute requiring directors to file an annual report. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*James E. Duffy* (*T. A. E. & J. C. Weadock,* of counsel ), for appellant.

*T. F. Shepard,* for appellees.

Moore, J.    This is an action brought to recover from the directors of a corporation a debt of the corporation to plaintiff, and is based upon the willful neglect of the directors to file the annual report of the corporation's affairs in January, 1895, as required by Act No. 232 of the Public Acts of 1885.    Defendants were sole directors of a corporation known as Mosher, Bissell & Mather, which was doing business in West Bay City during the year 1895, and for two years prior thereto.    Defendants Mosher and Bissell were president and secretary of said corporation, respectively.    No annual report of the affairs of said corporation was filed in 1895 in the office of the county clerk or the secretary of state, as required by section 12 of Act No. 232 of the Public Acts of 1885, nor was any report of the condition of the affairs of said corporation filed during 1895 until September 23, 1895. . The latter report showed that the corporation was practically insolvent.    During the period of its default in filing the report required by law, the. Mosher, Bissell & Mather corporation became indebted to plaintiff upon a promissory note dated July 23, 1895, payable 60 days after date, to the order of plaintiff, in the sum of $131.52 and interest, and an open account for goods sold and delivered to said corporation between June 3 and September 19, 1895, amounting to $203.55.    The circuit judge directed a verdict for defendants, because the debt was incurred after June 1, 1895, and before the 19th of September of that year.    Plaintiff appeals.

The circuit judge erred in making the disposition of the case he did, for the reason assigned.    *Bank of Saginaw* v. *Pierson,* 112 Mich. 410.

It is said by defendants that as plaintiff was a foreign corporation, and had not paid the fee required by Act

No. 79, Pub. Acts 1893, it cannot recover in this action. The goods were sold by itinerant salesmen, and we think the case in that respect is controlled by *Coit & Co.* v. *Sutton*, 102 Mich. 324.

It is also objected that plaintiff had not recovered a judgment against the corporation, and therefore could not sue the directors. The statute does not require the creditor to put its claim into a judgment against the corporation before it has a right of action against the directors. 3 How. Stat. § 4161*b*1; *Patterson* v. *Stewart*, 41 Minn. 84.

It is urged upon the part of the defendants that the liability of the directors is a several, and not a joint, liability, and that this action cannot be maintained. No proof was offered on the part of any of the defendants. The failure to file the reports as required by law was shown. The neglect to file the reports is presumed to be intentional and willful. *Van Etten* v. *Eaton*, 19 Mich. 187; *Gennert* v. *Ives*, 102 Mich. 547; *Bank of Saginaw* v. *Pierson*, *supra*. Under the record as made, all of the defendants were liable, and we can see no objection to suing all of them in one action. 1 Cook, Stock, Stockh. & Corp. Law, § 221, note.

Judgment is reversed, and new trial ordered.

The other Justices concurred.