FORD RIVER LUMBER CO. *v.* PERRON.

1. CORPORATIONS—REPORTS—FAILURE TO FILE—LIABILITY OF DIRECTORS.
   Where the secretary of a corporation mailed a letter to the secretary of State containing duplicate reports of the condition of the corporation as required by the statute, the directors of the corporation are not liable for the debts of the corporation subsequently contracted, under section 12, Act No. 232, Pub. Acts 1903, as amended by Act No. 194, Pub. Acts 1905, though the secretary of State never received the letter.

2. SAME—STATUTES—AMENDMENT.
   Act No. 194, Pub. Acts 1905, amendatory of section 12, Act No. 232, Pub. Acts 1903, controls the liability of directors of corporations for failure to file annual reports subsequently attempted to be enforced, though the failure to file the report occurred prior to the taking effect of the act.

Error to Delta; Stone, J. Submitted April 5, 1907. (Docket No. 16.) Decided May 18, 1907.

Assumpsit by the Ford River Lumber Company against Menezippi Perron, as director of the Perronville Shingle Company, for goods sold and delivered. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*F. D. Mead*, for appellant.

*Cummiskey & Spencer*, for appellee.

MOORE, J. The plaintiff had a debt of upwards of $6,000 growing out of a log contract against the Perronville Shingle Company, of which company the defendant was president and director. As the Perronville Company failed to pay this debt, suit was brought against defendant upon the claim that he was liable under the provisions of section 12, Act No. 232, Pub. Acts 1903, as amended

by Act No. 194, Pub. Acts 1905. Upon the trial the following facts were stipulated: .

" It is hereby stipulated in the above-entitled cause by counsel for the respective parties that the annual report of the Perronville Shingle Company for the year 1903 was filed in the office of the secretary of State for the State of Michigan on the 29th day of February, 1904; that said report is the last annual report of the condition of said company that has been filed, and that no other report in accordance with the provisions of section 12, Act No. 232, Pub. Acts 1903, has been filed in the office of the secretary of State since said 29th day of February, 1904; that on the 7th day of April, 1905, said company filed in the office of the secretary of State a notice of dissolution, a certified copy of which is attached hereto, marked ' Exhibit A.'

" It is further stipulated that on the 24th day of February, 1905, the said Perronville Shingle Company, by A. H. Meloche, its secretary, mailed a letter addressed to Fred M. Warner, secretary of State, inclosing in said letter reports in duplicate for the year 1904 of the condition of said company, together with 50 cents for filing fee; that the secretary of State will testify that such report, so far as the records show, was not received or filed, and no fee paid for such filing, if produced as a witness on the trial of this cause; that attached hereto is a letter of the said secretary of State, marked 'Exhibit B,' written to Cummiskey & Spencer, defendant's attorneys, and dated October 1, 1906.

" It is further stipulated that in the years 1903, 1904, and 1905 the said defendant was one of the directors of said company and the president of the Perronville Shingle Company.

" It is further stipulated that this stipulation may be offered in evidence by either party on the trial of said cause with the same force and effect as if the facts above mentioned had been proved by the testimony of witnesses."

The trial court directed a verdict in favor of defendant. The case is brought here by writ of error. The claim is stated by plaintiff's counsel as follows:

" The sole question involved in this case is: Are the stipulated facts sufficient to relieve the defendant from

liability under section 12, Act No. 232, Pub. Acts 1903? We contend that they are not, and that the defendant is liable under a proper construction of the terms of this act. The terms of the act, so far as they apply to this case, are as follows:

" 'Every corporation subject to this act shall annually, in the month of January or February, make duplicate reports for the fiscal year last ending, of such corporation, on suitable blanks to be furnished by the secretary of State as hereinafter provided.'

" Then follows the portion of the statute as to the contents of the reports.

" 'Such reports shall be signed by a majority of the board of directors and verified by the oath of the secretary of the corporation, and deposited in the office of the secretary of State within said month of January or February.'

" The statute then provides that the secretary of State shall carefully examine the reports, and if they shall be found to comply with the requirements of this section he shall file one of them in his office, and shall forward the other by mail or express to the county clerk of the county in which the office in this State for the transaction of the business of said corporation is situated. It is made also the duty of the county clerk to immediately file the same. The statute then provides:

" 'If any of the directors of any such corporation shall willfully neglect or refuse to make and deposit the report required by this section, within the time herein specified, they shall each be liable for all the debts of such corporation contracted since the filing of the last annual or special report,' and subject to the penalty therein provided.

" The statute further provides as follows:

" 'The neglect or refusal to file the reports required by this section to be filed, shall be deemed to be willful when the report required is not filed within the time herein limited.'

" This statute was amended by Act No. 194, Pub. Acts 1905. As we contend, however, it did not enlarge in any way the liability of the directors, although the language of the act is different. It did not, however, go into effect until after the liability, if any, was incurred in this case."

Counsel for defendant insists the facts disclosed by the

record show that the failure to make and deposit the report was not willful, but that an attempt was made in good faith to comply with the law; citing *Shaver* v. *Ingham*, 58 Mich. 654, and *Bank of Saginaw* v. *Pierson*, 112 Mich. 410.

It is also the claim that as section 12, Act No. 232, Pub. Acts 1903, was amended by Act No. 194, Pub. Acts 1905, the last-named law must control. We think this contention is sustained by *Breitung* v. *Lindauer*, 37 Mich. 217 and *Bank of Saginaw* v. *Pierson*, 112 Mich. 410. It becomes important, then, to consider the provisions of the statute as amended. The important part reads as follows:

" If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days after the first day of February, its corporate powers shall be suspended thereafter until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default; and any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sustained by it by reason of such refusal or neglect."

It will be seen that the penalty of $25 and $5 per day has been eliminated, and that the punishment for not filing the report is visited upon the corporation and not upon the directors by the amended law. The declaration does not allege, nor does the stipulation disclose, that defendant "has neglected or refused to join in the making of such report." On the contrary, the stipulation shows the report was made and duly mailed. The defendant is not brought within the provisions of the amended statute.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. BLAIR, J., concurred in the result.