CONTINENTAL & COMMERCIAL NATIONAL BANK *v.*
EMERY.

CORPORATIONS—LIABILITY FOR FAILURE TO MAKE ANNUAL REPORT.
   For failure of a corporation to file its annual report, as
      required by Act No. 137, Pub. Acts 1907 (4 How. Stat.
      [2d Ed.] § 9543), the directors are liable for debts con-
      tracted subsequent to the filing of the last preceding re-
      port and prior to the time of default, but the directors
      are not liable for indebtedness incurred during the period
      following the default, in view of provisions suspending
      the corporate power after ten days from the end of
      February, and of the limitation of two years from such
      default in which to bring action. Act No. 232, Pub. Acts
      1903.

Certiorari to Muskegon; Sullivan, J. Submitted
November 17, 1913. (Docket No. 119.) Decided
March 26, 1914.

Assumpsit by the Continental & Commercial Na-
tional Bank against John G. Emery, Jr., George A.
Hume, and others, to enforce the statutory liability
of the directors of the American Electric Fuse Com-
pany. From an order overruling a demurrer to the
declaration, defendant Hume brings certiorari. Re-
versed.

*Cross, Vanderwerp, Foote & Ross (Norris, Mc-
Pherson & Harrington,* of counsel), for appellant.

*Colin P. Campbell* and *Earl R. Stewart (Thomas
Paul Hardy,* of counsel), for appellee.

OSTRANDER, J. It is alleged in the declaration that
between April 20, 1911, and June 29, 1911, the
American Electric Fuse Company, a domestic cor-
poration, contracted an indebtedness to plaintiff; that
on June 29, 1911, the corporation was adjudged to

be bankrupt; that, when the said indebtedness was contracted, defendants were directors and officers of the said corporation, whose duty it was to join in making during the month of January or February, 1911, duplicate annual reports of the corporation, which duty they neglected and refused to perform. One of the defendants demurred to the declaration; the ground of demurrer asserted in this court being that the demand sued upon arose—the debt was contracted —subsequent to the default of the directors and subsequent to the time when the powers of the corporation were suspended under the act. The demurrer was overruled.

Section 12 of Act No. 137, Public Acts of 1907 (4 How. Stat. [2d Ed.] § 9543), so far as it is necessary to set it out, reads:

"SEC. 12. Every corporation subject to this act * * * shall annually, in the month of January or February, make duplicate reports showing the condition of such corporation on the thirty-first day of December next preceding, on suitable blanks to be furnished by the secretary of State, as hereinafter provided: * * * Such reports shall be signed by a majority of the board of directors and verified by the oath of the secretary of the corporation, and deposited in the office of the secretary of State within the said month of January or February, * * * accompanied by a filing fee of fifty cents. * * * If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default; and any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation, and shall also be liable to such corporation for any damages sus-

tained by it by reason of such refusal or neglect.
*   *   *   "

At various periods since 1853 the statute has provided that directors who default in making corporate reports shall be liable for debts of the corporation. In 1903, for the first time, they were made liable for debts contracted since the filing of the last annual or special report. In 1905 (Act No. 194, Pub. Acts 1905), for the first time, it was provided that during the period of default corporate powers should be suspended and no action maintained by the corporation upon contracts entered into during such period. Act No. 232, Public Acts of 1903, provided that all actions and suits based on the neglect or refusal of the officers or directors to make and file the said reports should be commenced within two years next after such neglect or refusal has occurred and not afterwards. This provision is omitted in the law of 1905 and of 1907.

Plaintiff in certiorari, defendant in the court below, states his contention thus:

"Defendant contends that the provision making the director liable for debts *contracted since the filing of the last report,* construed in connection with the provision in the 1903 act requiring the creditor's action to be commenced within two years after the neglect or refusal to join in making the report, and in connection with the provisions of the 1905 and 1907 acts suspending the corporate powers during the default and making the directors liable to the corporation for damages, covers and includes only debts contracted between the filing of the last report and the default, and does not cover debts contracted after the default, when under the provisions of the act the corporate powers were suspended. The statute is highly penal and must be strictly construed."

The defendant in certiorari contends that the language, "contracted since the filing of the last report," means, in view of the purpose of the law, "contracted

subsequent to the filing of the last report," and cites *Bank of Saginaw* v. *Pierson*, 112 Mich. 410 (70 N. W. 901). In that case, the debt was contracted in July, 1895, and became due in October of the same year, and liability of the directors was predicated upon their failure to file a report for the year 1894. The statute read:

"If any of said directors of any such corporation shall wilfully neglect or refuse to make the report required by this section, they shall each be liable for all the debts of such corporation. * * * "

It was the contention of defendant that the indebtedness was not contracted during the year 1894, and that the statute was not intended to create a liability as to indebtedness contracted after the date of the default and before a second default had occurred. This contention was overruled. In a similar case we should follow *Bank of Saginaw* v. *Pierson.* See *M. I. Wilcox Cordage & Supply Co.* v. *Mosher*, 114 Mich. 64 (72 N. W. 117). But the cases are not similar. We must assume that the legislature had some good reason for enacting the various and varying provisions upon the subject of the liability of directors for corporate debts, and as good a reason for enacting the last as for enacting any earlier provision. In its present form, the statute fixes a date when the consequences of corporate default attach. It is March 11th. The consequences to the corporation are suspension of corporate powers until it shall file a report, and a denial of right to maintain an action in court upon any contract entered into during the period of the default. The consequence to directors is liability for all debts of the corporation contracted since the filing of the last report and liability to the corporation for any damage it sustains by reason of such neglect or refusal. The consequences are incurred, by corporation and by directors, at the same moment of time. They are not uncertain, but certain. They

are fixed and determined on March 11th, not, indeed, as to the amount of liability and damage, but as to the extent of the liability itself; that of directors being for all debts contracted since the filing of the last report—that is, during a fixed elapsed period— and for damages to the corporation occasioned by the refusal, or neglect, to file the report. The question whether if, during the period of default, the corporation contracts debts, it may urge suspension of its corporate powers in an action against it to recover them, is not one for decision; is not at all involved. What is involved is the construction which should be given to the provision for directors' liability in view of the provision for suspension of corporate powers and the denial of the aid of the courts to the corporation during a period which begins on March 11th. And this is not the question which was involved in *Bank of Saginaw* v. *Pierson,* or in *Deloria* v. *Atkins,* 158 Mich. 232 (122 N. W. 559).

Attention has been directed to the fact that Act No. 232, Public Acts of 1903, makes directors liable for all debts of such corporation contracted since the filing of the last annual or special report and provides that all actions and suits based upon the neglect or refusal to make and file reports shall be commenced within two years next after such neglect or refusal has occurred and not afterwards. It is clear that this language contemplates a liability of directors for debts contracted prior to the default and does not contemplate a liability for debts made after default. Otherwise, there would be no uniform limitation of the right of creditors to sue defaulting directors. This provision was not carried into the acts of 1905 and 1907; but we are of opinion that it was intended, in adopting the provision suspending corporate powers, refusing the aid of the court in respect to actions begun upon contracts made during the period of default and making directors liable for damages suf-

fered by the corporation on account of the default, to limit the liability of directors to debts incurred after the filing of the last report and before the default in filing the subsequent or current report. Default having occurred, and the liability of directors having therefore attached on March 11th, the indebtedness for which the directors are liable is such as was created since the last report was filed.

It is said this construction will defeat, in part at least, the very purpose of the legislation. The purpose of the act is, undoubtedly, to secure, annually, for the benefit of all persons concerned, a public record of the financial affairs of corporations. Every one is presumed to know when reports ought to be made, and every one may know whether there is a default in making them. If after a default has occurred, and the directors have become liable for all existing debts of the corporation contracted during the year, a person chooses to deal with the corporation and become its creditor, his case presents no moving reason for enlarging what seem otherwise to have been the limits of a statutory liability of directors.

The judgment of the circuit court overruling the demurrer is reversed, and a judgment will be entered in this court sustaining the demurrer.

McALVAY, C. J., and BROOKE, KUHN STONE, BIRD, MOORE, and STEERE, JJ., concurred.