AMERICAN BRASS CO. *v.* EMERY.

CORPORATIONS—DIRECTOR'S LIABILITY—REPORTS—NEGLECT TO FILE.
As the statutory liability of corporate directors for the debts contracted since the filing of the report preceding the default or refusal to file the annual report did not, prior to the amendment of 1915 (Act No. 142), extend to an indebtedness arising after default, the directors of a corporation were not liable for an indebtedness contracted in 1911 after noncompliance with the statutory requirements in and for the previous year, though the time of incurring the same preceded another default; no report being filed in 1909, 1910, or 1911. Act No. 137, Pub. Acts 1907 (4 How. Stat. [2d Ed.] § 9543).

Error to Muskegon; Sullivan, J. Submitted October 14, 1915. (Docket No. 91.) Decided December 22, 1915.

Assumpsit by the American Brass Company, a foreign corporation, against John G. Emery, Jr., and others, to enforce the statutory liability for failure to file the annual report of a corporation, of the directors of the American Electric Fuse Company. From an order sustaining a demurrer to the declaration, plaintiff brings error. Affirmed.

*Earl R. Stewart* and *Colin P. Campbell* (*Thomas P. Hardy,* of counsel), for appellant.

*Cross, Vanderwerp, Foote & Ross* (*Norris, McPherson, Harrington & Waer,* of counsel), for appellees.

BROOKE, C. J. The facts in this case are exactly like those in the case of *Continental, etc., Bank* v. *Emery,* 178 Mich. 612 (146 N. W. 303), with the following exceptions: The plaintiff is different, and whereas

in the *Continental Case* the indebtedness was incurred between April 20, 1911, and June 29, 1911, the indebtedness in the case at bar was incurred, as it appears from the amended bill of particulars filed in the case, in large part prior to the 10th day of March, 1911; a considerable amount of said indebtedness having been incurred during the months of January and February, 1911. A demurrer was interposed on behalf of the defendants, which was sustained by the learned circuit judge.

Plaintiff has removed the case to this court for review, under the claim that the decision in the *Continental Case* is not controlling, for the reason that the indebtedness in the case at bar was incurred prior to March 10, 1911, whereas in the *Continental Case* the indebtedness was incurred subsequent to that time. The record in the case at bar, as well as in the *Continental Case*, shows that the corporation, the American Electric Fuse Company, failed to file any annual report during the months of January and February, for the years 1909, 1910, and 1911. In the *Continental Case* the debts were contracted after the failure of the corporation to file its 1911 report. In the case at bar the debts were contracted after the failure of the corporation to file its 1910 report. We are unable to distinguish the two cases upon principle. In the *Continental Case*, the court, speaking through Mr. Justice OSTRANDER, said:

"Every one is presumed to know when reports ought to be made, and every one may know whether there is a default in making them. If after a default has occurred, and the directors have become liable for all existing debts of the corporation contracted during the year, a person chooses to deal with the corporation and become its creditor, his case presents no moving reason for enlarging what seem otherwise to have been the limits of a statutory liability of directors."

The legislature, apparently for the purpose of meet-

ing the decision in the *Continental Case,* amended section 12 of the act of 1903 (Act No. 232, Pub. Acts 1903), as amended, in the following manner (Act No. 142, Pub. Acts 1915):

"And any director of such corporation so in default, who has neglected or refused to join in the making of such report shall be liable for all the debts of such corporation contracted *during the period of such neglect or refusal.*"

We are of opinion that the case at bar is controlled by our decision in the *Continental Case,* and the judgment sustaining the demurrer is, therefore, affirmed.

PERSON, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.