MACBETH-EVANS GLASS CO. v. GUMBINSKY.

1. CORPORATIONS—EVIDENCE—STATUTES—CERTIFICATE OF OFFICER— LIABILITY OF DIRECTORS—FILING ANNUAL REPORT.

Under section 12510, 3 Comp. Laws 1915, an official certificate by the secretary of State, dated March 3, 1915, certifying that he had made diligent search of his office and its records showed that the last report filed by a certain corporation gave its condition as of December 31, 1911, and was filed March 9, 1912, introduced in evidence in an action to collect a debt of the corporation from its directors, under section 9028, 2 Comp. Laws 1915, for failure to file a report for the year 1912, was presumptive evidence of the facts so certified.

2. SAME — LIABILITY OF DIRECTORS — FILING ANNUAL REPORT — STATUTE—CONSTRUCTION.

In such action, the fact that the report was not filed in no way prejudiced or misled plaintiff as to the condition of the corporation when extending credit to it, while not controlling, is regarded as of some significance when determining whether the plain language of the provision makes imposition of the provided penalty imperative.

3. SAME—PRESUMPTIONS—REBUTTAL.

   In view of the highly penal nature of section 9028, 2 Comp. Laws 1915, imposing liability upon a director of a corporation who neglects or refuses to sign the annual report of the corporation, testimony that defendants made an effort to comply with the statute was admissible to rebut the presumption that such neglect or refusal was wilful.

4. SAME.

   Evidence *held*, sufficient to justify the finding of the jury that such presumption was overcome.

Error to Kalamazoo; Weimer, J. Submitted October 22, 1917. (Docket No. 25.) Decided March 28, 1918. Rehearing denied June 20, 1918.

Assumpsit by the Macbeth-Evans Glass Company against Oscar Gumbinsky and another, directors of the National Gas Light Company, for a debt of the corporation under 2 Comp. Laws 1915, § 9028. Judgment for defendants. Plaintiff brings error. Affirmed.

*Robert L. Campbell,* for appellant.

*Harry C. Howard,* for appellees.

STEERE, J. In this action plaintiff seeks to collect from defendants Gumbinsky and Lewis a debt owing it by the National Gas Light Company, a bankrupt corporation of which defendants were directors, predicating its claim upon their statutory liability arising from failure of said gas light company to file with the secretary of State its annual report as required by Act No. 137 of the Public Acts of 1907 (2 Comp. Laws 1915, § 9028).

The statute required such corporation to annually make a report shcwing its condition, on the 31st day of the preceding December, and file the same with the secretary of State within the month of January or February of each year; and provided that in default

of the same being filed within ten days thereafter the corporate powers of the defaulting corporation should be suspended and "any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation."

It was conceded at the trial that defendants were directors of the gas light company when the alleged default occurred, having been elected at its last preceding meeting of stockholders, in January, 1912, but were not reelected in January, 1913, because there was no stockholders' meeting, and that the National Gas Light Company was adjudged a bankrupt, at what exact date is not disclosed but manifestly after March 10, 1913, as the trustee in bankruptcy took possession about the last of July, 1913, and in October, 1913, declared a dividend to the creditors.

The gas light company had been a customer of plaintiff for some time and when it went into bankruptcy was owing it for goods bought in the usual course of trade during the latter months of 1912 and January, 1913, when the gas light company was not in default in the matter of filing its reports. It is to recover the amount of such indebtedness, less dividends paid by the referee in bankruptcy, that this action is brought against defendants, on the statutory ground of liability that they as directors had "neglected or refused to join in making" the required annual report which should have been filed before March 11, 1913.

At the trial of the case each side, against the objection of the other, introduced testimony directed to the question of whether defendants, or either of them, had in fact neglected or refused to join in making the required report as plaintiffs alleged, which was the only material issue of fact involved. Refusing re-

quests by each side for a directed verdict, the trial court submitted this issue of fact to the jury under a charge which we think fully and fairly explained to them the nature of the case, the claims of the respective parties, the principles of law involved, pointed out the issue of fact for them to decide and their duties in that connection, with concluding directions to determine the fact as to each of the defendants, and render their verdict accordingly.

A verdict in favor of defendants was followed by motion for a new trial on behalf of plaintiff which was denied and judgment entered on the verdict. In passing upon the motion for a new trial the court stated and disposed of the controlling issue in debate as follows:

"Defendants' contention is that they did not wilfully refuse or neglect to make or file the report but attempted in good faith to comply with the statute. This theory was submitted to the jury. It is plaintiff's contention that the failure to file the report raised the conclusive presumption of wilful neglect within the meaning of the statute and that it was error to permit defendants to offer testimony tending to rebut it; in short, as stated by counsel for plaintiff in open court upon the hearing of this motion it is plaintiff's claim that good faith of the defendants in endeavoring to make and file the report is not involved.  *  *  *  I hold the contrary view upon the authority of *Gennert* v. *Ives,* 102 Mich. 547, and *Ford River Lumber Co.* v. *Perron,* 148 Mich. 399.  *  *  *  In my opinion, there was ample testimony to justify the jury in finding defendants made an effort to comply with the statute."

That an effort was made by defendants to comply with the statute is undisputed, but plaintiff contends the effort furnishes no defense, for the statute was not complied with nor any report for 1912 actually filed by the corporation, and the act provides that "neglect or refusal to file the report  *  *  *  shall

be deemed wilful when such report    *    *    *    is not filed    *    *    *    within the time herein limited."

The burden of proof was upon plaintiff, and to sustain its declared cause of action counsel introduced in evidence an official certificate by the secretary of State, dated March 3, 1915, certifying he had made diligent search of his office and its records showed that the last report filed by the National Gas Light Company gave its condition as of December 31, 1911, and was filed March 9, 1912. By statute this certificate was presumptive evidence of the facts so certified in the same manner and with like effect as if such officer had personally so testified in court upon the trial. Section 10170, 3 Comp. Laws (section 12510, 3 Comp. Laws 1915).

Of their efforts to comply with the statute, defendant Gumbinsky testified that he had a clear and independent recollection of signing these reports for 1912 for he was then particularly interested as an indorser for and creditor of the corporation, remembered signing his name twice, was accustomed to signing annual reports and knew there were two of them to be signed; that in February, 1913, Mr. Lewis who had presented the reports in previous years came to his office with the prepared reports for him to sign, they having been signed by several of the directors; that he examined them and as they appeared to be properly filled out he signed and returned them to Lewis; that he knew this was prior to March as he left for French Lick about the first of that month and his attention was not called to any correspondence, or difficulties, with the secretary of State in regard to these reports. Lewis, who was then president of the company, testified that they had proper blank forms received from the secretary of State and during the month of February, 1913, he made out the regular annual report on them in duplicate,

secured the signatures of a majority of the directors and sent the papers to the secretary of State's office before March 1st, saying in part:

"After I had those reports signed and filled out, I gave them to Mrs. Leppen to mail. * * * She acted as our mailing clerk and stenographer. * * * The report was signed and delivered to the mailing clerk prior to the first day of March. * * * I know we filled out two blanks and those two were sent to the secretary of State. * * * I had charge of the mail. I must have either mailed it myself or sent it by messenger to the postoffice. * * * I think they were put in one of the office envelopes with the return card on the envelope. * * * The report was signed and delivered to the mailing clerk prior to the first day of March, 1913, * * * I remember this particular year very well."

Mrs. Leppen, the stenographer and mailing clerk, whose recollection as to dates and details was apparently somewhat confused in certain particulars, testified that she had charge of the mail and while she did not actually remember dropping this report in the mail said, "If they were given to me to mail I mailed them," did remember their being made out, that she inclosed the fifty cents filing fee in a card-board at one time, that "they were returned twice because the word 'none' was not in them," and, with her recollection refreshed by a letter she had written, said that according to it she must have told Mr. Lewis she was sure they had been mailed.

Defendants' testimony as to what was done by them tended to show not only an effort, but that the requirements of the statute had been fully complied with on their part. Upon the question of neglect or refusal it is clearly indicated they had no notice to the contrary or that the report was not accepted and filed, until after the time for filing had expired. Some correspondence between the secretary of State and the National Gas Light Company after that time, intro-

duced by plaintiff against defendants' objection, indicates that the report in relation to which defendants testify was received some time prior to April 5th, and inferentially before March 11th as no objection is raised that it was not within the required time, but in this correspondence it appears from a later letter of the secretary of State that the claimed defective report previously received at his office was returned on April 5th for correction in certain particulars which, after an attempt to correct the claimed defects, was returned to the secretary of State and by him again returned to the corporation, on May 23d, because the copies then sent were not exact duplicates. What further effort was made, if any, does not appear and what was done in that particular after March 11th would be of little materiality, as defendants' liability, if any, for neglect or refusal to join in making the report would attach on that date.

Plaintiff's basic assignment of error, which carries back through and dominates the various questions raised and saved by motion, objection and exception during the progress of the trial, is that:

"The court erred in denying plaintiff's motion for a new trial on the grounds set forth in his written opinion denying the same."

The controlling ground stated by the court is that the presumption of wilful neglect or refusal arising from proof the report was not filed was open to rebuttal and not a conclusive presumption.

Primarily, the lengthy and particularized provisions of section 12 of the act, which incidentally creates the liability of directors relied upon in this action, is directed against corporations as such, its main object being to compel them in their individual capacity as artificial persons to make and file annual reports showing in detail their stockholders and officers, capitalization, the amount and nature of their stock, an in-

ventory of their real and personal property with valuations, their assets, liabilities, etc., that the same as a public record may be available to those who do business with them and all others having occasion to inquire. Severe penalties are provided directly against a corporation for failure to comply with these requirements, involving suspension of its corporate powers. These reports are required to be authenticated by the signatures of a majority of the board of directors of the corporation. No penalty or liability arises against the minority which does not sign for a failure to do so but, contingently and to assure the signatures of a majority, auxiliary provision is made imposing liability upon a director who neglects or refuses to sign, both to the corporation for resulting damages and to creditors for debts of the corporation. This provision is manifestly highly penal in its nature, to be strictly construed and the penalty to be imposed only in those cases where the plain language of the provision requires it.

It is evident that the fact this report was not filed in no way prejudiced or misled plaintiff as to the condition of the corporation when extending credit to it for there was then no default, as the report of the preceding year was on file and the time had not yet arrived for filing that of 1912 when the indebtedness was created. While not controlling, this is regarded as of some significance when determining in a case whether the plain language of the provision makes imposition of the provided penalty imperative. *Continental, etc., Nat. Bank* v. *Emery,* 178 Mich. 612; *Westchester Appliance Co.* v. *Englehardt,* 180 Mich. 602.

In the two cases cited and relied upon by the trial judge, although it was shown that no report had been filed the question of failure or neglect to join in making a report was withdrawn from the jury and verdict directed for defendant on the extenuating cir-

cumstances shown. In *Gennert* v. *Ives, supra,* defendant testified that he had no purpose in keeping the report back, left the business of the corporation to its president, did not know such a report was required and did not have in mind he was a director during the period when the report was due, and it was held that even such undisputed testimony was sufficient to overcome the presumption arising against him from failure to file. In *Ford River Lumber Co.* v. *Perron, supra,* it was stipulated that a report for the year in question, with fee inclosed, had been mailed to the secretary of State who would testify, if produced as a witness, that so far as his records showed the same was never received or filed. In the instant case the verdict of the jury was taken as to each defendant upon testimony involving a defense analogous in substance.

We find no change in the law which renders the rule declared and applied in those cases inapplicable here, or any subsequent decisions involving the act which tend to modify them.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.