STATE OF NEW JERSEY, BY CHARLES R. HOWELL, COM-
MISSIONER OF BANKING AND INSURANCE, PLAIN-
TIFF, v. BAKERS' MUTUAL INSURANCE COMPANY OF
NEW YORK, A NEW YORK CORPORATION, DEFEND-
ANT.

Mercer County Court
Law Division

Decided February 27, 1958.

*Mr. Harold Kolovsky,* Acting Attorney-General of New Jersey (*Mr. Harold J. Ashby,* Deputy Attorney-General, appearing), attorney for plaintiff.

*Mr. Harold R. Sandford,* attorney for defendant.

LANE, J. C. C.  Plaintiff seeks to recover penalty for violation of *N. J. S. A.* 17:23–1, requiring insurance companies transacting business in New Jersey to file an annual financial statement with the Commissioner of Banking and Insurance on or before March 1.

Defendant insurance company did not file the required statement until March 21, 1957, and plaintiff, on motion, urges the court to enter judgment in its favor and against defendant in the amount of $2,100, contending that defendant is to be penalized to that extent in accordance with the pertinent provision of *N. J. S. A.* 17:23–2:

"Penalty for not filing annual statement.

A company neglecting to make and file its annual statement in the form and within the time provided by *section* 17:23–1 of this title shall forfeit one hundred dollars ($100.00) for each day's neglect, to be recovered in a civil action; and upon notice by the commissioner to such effect its authority to do new business in this state shall cease while the default continues."

Defendant denies it is properly subject to such penalty and argues that, while it omitted to file the required report until 20 days after the day designated by statute, it did not "neglect" so to do, and that its omission was occasioned by an excusable set of circumstances, including an inadequate staff, a heavy volume of other business, and the diversion of executive attention to other matters during the period when such report would have normally been prepared.

There is considerable authority to the effect that "to neglect" and "to omit" are not synonymous terms.  There may be an omission to perform an act or condition which is altogether involuntary or inadvertent.  The word "neglect" has a connotation of omission by carelessness or design, rather than from necessity,—hence, the word "neglect" is

not used in reference to something that cannot be done. See cases cited in 28 *Words and Phrases, Neglect, p.* 495.

It was held in *In re Drugcraft Co.,* 288 *F.* 206, 208 (*D. C. Mich.* 1923), that under the controlling Michigan statute requiring corporation to file annual report on penalty of suspension of corporate powers in case the corporation "neglect" or "refuse" to file such report, such neglect is not shown by mere failure to make report as where the report made is not accepted by the Secretary of State, but returned for correction, and a subsequent report is also submitted and returned for correction, and such failure is due to mere lack of necessary knowledge as to the details required for a legally sufficient and proper report.

It seems clear in the instant matter that defendant is chargeable during a 20-day period with "neglect" to file, rather than "omission" to file. This is so, for the proofs establish that for a period of some months prior to the established filing date, defendant corporation was well aware of the shortage of personnel in the pertinent department, well aware of the preoccupation of executives with other business, and had full opportunity to restaff its office and reallocate its business so as to enable it to meet the simple requirement set out in the pertinent statute. The corporation "neglected" to take the proper measures in this, and as a result must accept the penalty provided by the statute.

It is significant that *N. J. S. A.* 17:23-1 also provides the Commissioner may for good cause extend the time within which the statute or any part thereof may be filed. This defendant, knowing the situation that had existed for some period of time in the department which prepares such report, made no effort whatsoever to establish such good cause for the granting of an extension of time. Had a denial of a timely application been made by the Commissioner, the defendant company would have had ample notice of the absolute necessity for preparation and filing of the required statement on or before the date set out in the statute.

This court finds the defendant company's default continued through a 20-day period—hence, a form of judgment in the sum of $2,000 is to be presented.